LAURA E. DUFFY
United States Attorney
WILLIAM P. COLE
CAROLINE P. HAN
Assistant U.S. Attorneys
California State Bar Nos. 186772/250301
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7859/557-5220
William.P.Cole@usdoj.gov
Caroline.Han@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 10CR4246-JM |
| | ) |
| Plaintiff, | ) |
| | ) MEMORANDUM OF POINTS AND |
| v. | ) AUTHORITIES IN SUPPORT OF |
| | ) GOVERNMENT'S MOTION FOR |
| BASAALY SAEED MOALIN (1), | ) PROTECTIVE ORDER |
| MOHAMED MOHAMED MOHAMUD (2), | ) |
| and ISSA DOREH (3), | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

**I**

**BACKGROUND**

**A.   The Indictment**

On October 22, 2010, a federal grand jury returned an Indictment charging defendants Basaaly Saeed Moalin ("Moalin"), Mohamed Mohamed Mohamud ("Mohamud"), and Issa Doreh ("Doreh") with conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A, conspiracy to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B, conspiracy to kill in a foreign country, in violation of 18 U.S.C.

§ 956, and one count of conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956. In addition, defendant Moalin is charged with one count of providing material support to terrorists, in violation of 18 U.S.C. § 2339A.

On November 19, 2010, the grand jury handed up a related indictment against Ahmed Nasir Taalil Mohamud ("Nasir") (10cr4645-JM), charging him with the same four conspiracy offenses.

### B.   Factual Summary

Moalin, Mohamud, Doreh and Nasir conspired to provide money to al-Shabaab, a violent and brutal militia group in Somalia. The U.S. Department of State designated al-Shabaab as a foreign terrorist organization on February 26, 2008.

From late 2007 through early 2008, Moalin was in direct telephone contact with Aden Hashi Ayrow, a prominent military leader of al-Shabaab. Ayrow requested money from Moalin, who then coordinated fund-raising efforts and money transfers with Mohamud, Doreh and Nasir.

The conspirators sent the funds to Ayrow in Somalia using Shidaal Express, a money transfer business that operated in San Diego until 2009. Moalin also provided Ayrow with the use of Moalin's house in Somalia.

After Ayrow's death on May 1, 2008, the conspirators continued to transfer money from San Diego to al-Shabaab and another group engaged in terrorist activities.

//

//

10CR4246

## C.   **Prior Proceedings**

On December 3, 2010, the Court held a motion hearing, during which the Government provided a general overview of the discovery it anticipated providing to the defendants. The Government advised that it would provide, among other things, transaction records from the Shidaal Express and declassified FISA intercepts and translations.  Counsel for Moalin and Doreh advised that they have no objection to the protective order, but Mohamud's counsel objected.  The Court ordered the parties to submit any briefing concerning the issue of a protective order no later than December 17, 2010.[1/]

Since the December 3rd hearing, the Government has confirmed that Moalin and Doreh do not object to the proposed protective order, but that Mohamud does.[2/]

**II**

**THE COURT SHOULD ISSUE THE PROTECTIVE ORDER**

District courts "have inherent power to control their dockets."  <u>United States v. W.R. Grace</u>, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (quoting <u>Atchison, Topeka & Santa Fe Ry. Co. V. Hercules Inc.</u>, 146 F.3d 1071, 1074 (9th Cir. 1998)).  Furthermore, Rule 16(d)(1) of the Federal Rules of

---

[1/]     Because the Court directed both the Government and the defense to file any papers concerning the protective order by December 17, 2010, the Government has not placed a motion hearing date on its moving papers, but instead is operating on the understanding that the Court will resolve the matter on the papers.

[2/]     In the related case (10cr4645-JM), defense counsel had no objection to the protective order.  The Court entered the protective order on December 9, 2010.

Criminal Procedure provides that district courts may issue protective orders denying, restricting, or deferring discovery, or granting other appropriate relief. Fed. R. Crim. P. 16(d)(1). Here, for several reasons, the Court should grant the proposed protective order.

First, the proposed protective order is narrowly tailored. It does not apply to all discovery produced, or to be produced, by the Government, but rather only to (1) certain financial records and (2) declassified information and materials that were a product of physical searches or electronic surveillance authorized under the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801, et seq.

Second, the financial records are an appropriate subject of a protective order. The Government has obtained voluminous electronic and paper records pertaining to money transfers made via the Shidaal Express over nearly two years. The records include not only the transactions at issue in this case, but also thousands of remittances made by non-parties. The records include the non-party senders' names and telephone numbers, as well as the names and telephone numbers of the non-party recipients. A protective order is appropriate to protect the privacy interests of the non-parties.

Third, this matter arises from a national security investigation involving FISA intercepts. Hundreds of phone calls (and numerous related translations) have already been declassified, yet many intercepts remain classified. One

factor that influences the Federal Bureau of Investigation's decision to declassify this type of evidence is the FBI's concern, shared by its partners in the Intelligence Community, that there will be adequate protections in place to curtail the disclosure of the materials to those not parties to the criminal proceedings or outside what is necessary for the parties to prepare adequately for trial. When such protections are not in place, the prosecution's ability to obtain prospective declassification is diminished.[3/]   Thus, information that could otherwise be declassified and readily provided to the defense might only be provided under the more cumbersome and time-consuming procedures of the Classified Information Procedures Act (CIPA).

Moreover, the declassified intercepts implicate not only national security interests, but also the privacy interests of third parties (whose names and telephone numbers appear throughout the declassified materials). The intercepts and translations identify persons who have not been charged in this case, who "have a recognized right of privacy in not being named as unindicted co-conspirators in an indictment or being identified and accused by the Government of criminal activity where such accusations are not directly relevant to the proceedings." United States v. Smith, 602 F. Supp. 388, 398 (M.D. Pa. 1985).

---

[3/]   This could also adversely impact declassification decisions in other cases.

In <u>Smith</u>, the press sought access to a document containing the list of names of unindicted co-conspirators which had been provided privately by the government to the defense.  In deciding not to disclose this document, the <u>Smith</u> Court considered <u>Seattle Times Company v. Rhinehart</u>, 467 U.S. 20 (1984).  The Court in <u>Seattle Times</u> stated that discovery is available to a litigant for the purpose of trial preparation and is not traditionally available to the public. 467 U.S. at 33.  The <u>Smith</u> Court also noted that the privacy interests of litigants and third parties may be impinged upon by public release of the materials.  <u>Id.</u> at 35.

Here, while disclosure of the declassified FISA information to the defendants and their defense teams is appropriate, it is equally appropriate for the Court to issue a protective order limiting release of such information to the defendants and their defense teams for use in preparing a defense.  See <u>Alderman v. United States</u>, 394 U.S. 165, 184-85 (1969)(disclosure of intercepted conversations to defendants was required but the court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials"); <u>United States v U.S. Dist. Court for the Eastern Dist. of Michigan</u>, 407 U.S. 297, 324 (1972)(same); <u>see also</u> <u>United States v. Saleeme</u>, 978 F. Supp. 386, 389 (D. Mass. 1997) (disclosure of documents and records produced in discovery to be disclosed only to

10CR4246

counsel, defendants and individuals necessary to assist counsel in preparation of the case).

Finally, the protective order makes ample provision for preparation of a defense.  It authorizes, or provides procedures for, disclosure to defense counsel, the defendant, paralegals, investigators, translators, litigation support personnel, secretarial staff, experts and consultants, witnesses and potential witnesses.

**III**

**CONCLUSION**

For the foregoing reasons, the Court should grant the proposed protective order.

Dated:   December 17, 2010.

Respectfully submitted,

LAURA E. DUFFY
United States Attorney

s/Caroline P. Han
CAROLINE P. HAN
WILLIAM P. COLE
Assistant U.S. Attorneys

Attorneys for Plaintiff
United States of America

7

10CR4246

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,              )    Case No. 10CR4246-JM
                                       )
              Plaintiff,               )
                                       )
         v.                            )
                                       )    CERTIFICATE OF SERVICE
BASAALY SAEED MOALIN,                  )
MOHAMED MOHAMED MOHAMUD, and           )
ISSA DOREH,                            )
                                       )
              Defendants.              )
_____)

IT IS HEREBY CERTIFIED THAT:

    I, CAROLINE P. HAN, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action.  I have caused service of Government's Motion for Protective Order for Discovery Materials on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.    Marc Geller
            Attorney for defendant Moalin
    2.    Mahir Sherif
            Attorney for defendant Mohamud
    3.    Kenneth Troiano
            Attorney for defendant Doreh

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on December 17, 2010.

                              s/Caroline P. Han
                              CAROLINE P. HAN

10CR4246