LAURA E. DUFFY
United States Attorney
WILLIAM P. COLE
CAROLINE P. HAN
Assistant United States Attorney
Cal. State Bar No. 186772/250301
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-7859
Email:   William.P.Cole@usdoj.gov
         Caroline.Han@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. Case No. 10CR4246-JM |
| Plaintiff, | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| v. | |
| BASAALY SAEED MOALIN (1), MOHAMED MOHAMED MOHAMUD (2), ISSA DOREH (3), | |
| Defendants. | Date: January 20, 2011<br>Time: 10:30 a.m. |

**I.**

**STATEMENT OF FACTS**

**A.   The Case**

On October 22, 2010, a federal grand jury returned an Indictment charging defendants Basaaly Saeed Moalin ("Moalin"), Mohamed Mohamed Mohamud ("Mohamud"), and Issa Doreh ("Doreh") with conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A, conspiracy to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B, conspiracy

to kill in a foreign country, in violation of 18 U.S.C. § 956, and conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956. In addition, Moalin is charged with one count of providing material support to terrorists, in violation of 18 U.S.C. § 2339A.

On November 2, 2010, Moalin was arraigned on the Indictment. On November 3, 2010, Mohamud and Doreh were arraigned on the Indictment.

On November 5, 2010, Moalin filed a motion for discovery. On November 19, 2010, Doreh joined Moalin's discovery motion. The Court continued the discovery motion to January 20, 2011.

On December 17, 2010, the Government filed an unopposed motion for a protective order concerning discovery.

**B. The Related Case**

On November 19, 2010, the grand jury handed up a related indictment against Ahmed Nasir Taalil Mohamud ("Nasir") (10cr4645-JM), charging him with the same conspiracy offenses alleged in the present case. On December 9, 2010, the Court issued a protective order concerning discovery provided by the Government to Nasir.

**C. Discovery**

Both the present case and the related case involve electronic surveillance authorized under the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1812, 1821-1829 (FISA). The Government has prepared copies of over 800 audio intercepts and approximately 50 email communications for production. Virtually all the intercepts

are in the Somali language.  The Government will prepare additional intercepts for production, but the exact number is not yet determined.  The Government will produce English language translations for all or part of over 125 audio intercepts.

The Government alleges that the defendants transmitted funds to Somalia via Shidaal Express.  The Government has produced to the defendants a disk containing Shidaal Express transaction records.  The Government also has made available for inspection numerous banker's boxes of Shidaal Express paper receipts.

## II.

**THE COURT SHOULD EXCLUDE TIME IN THIS COMPLEX CASE**

Title 18, United States Code, Section 3161(h)(7) excludes delay resulting from a continuance when the court finds that the "ends of justice served by taking [that] action outweigh the best interest of the public and the defendant in a speedy trial."  Among the factors the Court considers in deciding whether to grant such a continuance is:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii); United States v. Lewis, 611 F.3d 1172, 1175 (9th Cir. 2010).

If a district court finds a case so unusual or so complex as to warrant exclusion of time, "(1) the continuance must be specifically limited in time; and (2) it must be justified on the record with reference to the facts as of the time the delay is ordered." Lewis, 611 F.3d at 1176 (quoting United States v. Lloyd, 125 F.3d 1263, 1268 (9th Cir. 1997)). Where defendants are joined for trial, "the case's complexity necessarily must be assessed with reference to the joint trial." Id.

Here, several factors make this case both unusual and complex. First, the case involves electronic surveillance authorized under FISA. Second, the intercepts are in the Somali language. There are far fewer Somali linguist resources available than, for example, Spanish-language resources. Third, the intercepts are voluminous. Fourth, the defense has not yet received the intercepts and translations, as the protective order is still pending entry. Fifth, the charges are serious: they involve allegations of conspiring to kill in a foreign country and conspiracy to provide material support to terrorists. Sixth, this is a multi-defendant case. Considering all these factors, there is no conceivable way for all counsel to adequately prepare for pre-trial proceedings or trial within the 70-day period provided by the Speedy Trial Act.

Accordingly, the Government, Moalin and Doreh jointly propose that, during the January 20, 2011 hearing, the Court set a future hearing date in late April or early May, as may be convenient to the Court, and that the Court exclude time

4

from January 20, 2011, to that next hearing date on the grounds that the case is so unusual and complex that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial. At that future hearing, and after the defendants have had some time to assess the discovery, the parties can address the Court as to what additional continuances may be appropriate under the Speedy Trial Act.

### III.

### CONCLUSION

For the foregoing reasons, the Court should grant the joint motion to exclude time under the Speedy Trial Act.

DATED: December 28, 2010

    Respectfully submitted,

    LAURA E. DUFFY
    United States Attorney

    s/William P. Cole

    WILLIAM P. COLE
    CAROLINE P. HAN
    Assistant United States Attorneys

    Attorneys for Plaintiff
    United States of America

    Marc B. Geller, APC

    s/Marc B. Geller

    MARC B. GELLER

    Attorney for Defendant
    Basaaly Saeed Moalin

    Law Office of Kenneth Troiano

    s/Kenneth J. Troiano

    KENNETH J. TROIANO
    Attorney for Defendant Issa Doreh