UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | 10CR4246-JM |
| ) | | |
| Plaintiff, ) | | AMENDED PROTECTIVE |
| ) | | ORDER |
| v. ) | | |
| ) | | |
| BASAALY SAEED MOALIN, et al., ) | | |
| ) | | |
| Defendant. ) | | |

Upon consideration of the Government's motion for a protective order concerning the dissemination of certain discovery materials, and good cause appearing therefore,

IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that the government shall segregate the discovery materials it produces to the defendants and their counsel of record into two categories: (1) general discovery materials, and (2) sensitive discovery materials.  The government shall clearly identify any sensitive discovery material;

IT IS FURTHER ORDERED that "sensitive discovery materials"[1] shall not be further disseminated by the

---

[1] The category of sensitive discovery materials includes
(continued...)

defendants or their counsel to any individuals, organizations or other entities, other than: (1) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (2) experts or consultants retained to assist in the preparation of the defense. Notice of proposed dissemination to defense experts or consultants shall be provided to the Court *ex parte* and under seal and no dissemination to such experts or consultants shall be made until approved by the Court. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials unless directed by counsel. Counsel for defendants may not show any of such sensitive discovery materials to witnesses or potential witnesses unless the sensitive discovery materials consist solely of that witness's statement(s) or recorded conversations. A defendant may seek relief from these provisions as to a particular item or items of discovery by providing notice to the Court of intent to show particular identified item(s) to a third party and the purpose for such dissemination. The Notice shall be under seal. No disclosure of the item(s) to the third parties shall be made

---

[1]/(...continued) financial records and all declassified information or materials that were a product of physical searches or electronic surveillance authorized pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1812, 1821-1829, (FISA) that are reviewed by or made available to the defendant or defense team in this case. Such declassified materials shall be collectively referred to as "FISA Information."

until the Court so permits.  The Court, after notifying the defense, may consult with the Government regarding any dissemination requests pursuant to this paragraph;

IT IS FURTHER ORDERED that all declassified FISA Information that is provided as part of the sensitive discovery materials in this case is now and will forever remain the property of the United States Government. Defense counsel will return the FISA Information, and all copies thereof, to the Government at the conclusion of the case.  Defense counsel in receipt of FISA Information may only make copies of the FISA Information in accordance with this order.  Defense counsel will permanently inscribe on any such copies - whether hard copies or electronic media – the following notation: "U.S. Government Property; May Not Be Used Without U.S. Government Permission.";

IT IS FURTHER ORDERED that all such sensitive discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense and that none of the sensitive discovery materials produced by the government to the defense shall be disseminated to the media;

IT IS FURTHER ORDERED that none of the sensitive discovery materials produced by the government to the defense shall be disseminated to the media by the government;

IT IS FURTHER ORDERED that any papers to be served upon the Court by either party which include sensitive discovery materials or refer to the contents of sensitive discovery

1  materials or any papers filed in response thereto, shall
2  be filed under seal;
3      IT IS FURTHER ORDERED that defense counsel shall store
4  all sensitive discovery materials, and any copies thereof,
5  in a secure place;
6      IT IS FURTHER ORDERED that defense counsel are
7  authorized to provide copies of the audio FISA Information,
8  and translations thereof, for review by the defendant at the
9  facility where the defendant is detained outside the
10 presence of counsel.  *Defense counsel (or the government)*
11 *shall provide the copies of such information to the facility*
12 *and not to the defendant.*  The defendant shall comply with
13 all protocols and procedures established by the facility for
14 accessing, reviewing and securing the copies when they are
15 not being used by the defendant.  The defendant shall not
16 copy the audio FISA Information, or translations thereof,
17 or otherwise make such materials or any portion thereof
18 available to anyone not a party to this matter.
19     IT IS FURTHER ORDERED that notwithstanding any other
20 provision of this or any other Protective Order that may be
21 entered by the Court, the disclosure or discovery of
22 materials that may be submitted to the Court in connection
23 with any FISA-related litigation shall be governed by the
24 FISA;
25 //
26 //
27 //
28 //

FINALLY, IT IS ORDERED that nothing in this Order shall preclude the government or the defendants from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

SO ORDERED.

DATED: February 25, 2011

_____
Hon. Jeffrey T. Miller
United States District Judge