LAW OFFICES OF
# DRATEL & MYSLIWIEC

2 WALL STREET
3rd Floor
NEW YORK, NEW YORK  10005
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
www.dratelmys.com

JOSHUA L. DRATEL
AARON MYSLIWIEC
—
ALICE L. FONTIER
LINDSAY A. LEWIS

STEVEN WRIGHT
*Office Manager*
RYAN DUFFEY
*Paralegal*

October 23, 2012

The Honorable William V. Gallo
United States Magistrate Judge
Southern District of California
940 Front Street
San Diego, California 92101

Re: *United States v. Basaaly Moalin*
10 Cr. 4246 (JM)

Dear Judge Gallo:

This letter is on behalf of all defendants in the above-entitled case, in which I represent Basaaly Moalin, and is to provide information that is relevant to the conference call scheduled for tomorrow, October 24, 2012, pertaining to the scheduled Rule 15 depositions in Djibouti.  As your Honor is well aware, the depositions are scheduled for November 11-15, 2012, and defense counsel has been actively preparing for several weeks.  It is in the best interest of all of the defendants, and is the desire of counsel, that the depositions of all of the proposed witnesses occur as scheduled in Djibouti.

The government, through a series of telephone conversations with the Court and counsel, as well as in a personal meeting in August, stated unequivocally that it was going to assist in ensuring that the depositions occurred as scheduled.  However, in recent days, the government has changed its position regarding at least one and possibly more of the proposed witnesses. Farah Shidane, aka Farah Yare, is a Djibouti national and also is an alleged unindicted co-conspirator.  Because of his status and potential liability, defense counsel has requested "safe passage" from Djibouti for Mr. Shidane, or, at least, a written representation that the government would not seek to issue process against any of the defense witnesses while they were in Djibouti. Counsel first raised this issue with the government in a meeting on August 21, 2012.  Indeed, because Mr. Cole indicated he would seek safe passage for the witnesses if they were willing to come to the United States, I also went so far as to provide sample "safe passage" letters to Mr.

LAW OFFICES OF

**DRATEL & MYSLIWIEC**

Hon. William V. Gallo
United States Magistrate Judge
Southern District of California
October 23, 2012
Page 2 of 4

Cole at that meeting.

In addition, during the August 21, 2012, chambers conference with your Honor, Mr. Cole stated that he would facilitate safe passage to the U.S. in an effort to secure the witnesses' presence and testimony at trial (rather than via Rule 15, Fed.R.Crim., depositions conducted overseas). Again, during an August 29, 2012, telephone conversation with Ms. Moreno and Mr. Durkin, and in the context of the possibility of conducting the depositions in Kenya, Mr. Cole stated that the U.S. did not have any intention of requesting a provisional warrant for any of the witnesses. Mr. Cole also indicated that, if needed, he could overcome any issue regarding safe passage to Kenya.

October 10, 2012, Mr. Durkin and Ms. Moreno again spoke to Mr. Cole and asked if it were possible to obtain a written assurance that the government would not request any provisional warrants for the defense witnesses while they were in Djibouti for the depositions. Mr. Cole said that he did not think that would be a problem and would get back to Mr. Durkin and Ms. Moreno.

Nevertheless, the next day, October 11, 2012, Mr. Cole wrote an e-mail to Mr. Durkin stating,

> [a]fter some reflection, we determined we are not in a position to give any assurances to the deponents as to safe passage out of Djibouti. Our understanding is that they are voluntarily appearing there at the depositions. We do not know much about them, or what they are going to say, and, as we informed you and the court, one of them is an uncharged co-conspirator.

In addition, in a telephone conversation Friday, October 12, 2012, with Mr. Durkin and Linda Moreno, Esq. (who represents Mohamed Mohamed Mohamud), Mr. Cole asserted that "[o]ne way or another, [the witnesses] have a personal interest to consider if they have liability[,]" and that if certain of the witnesses (whom he did not identify further) testified in their deposition(s) consistent with their proffered testimony (in the Rule 15 motion papers), "they wouldn't be telling the truth."[1] The government further stated that under those circumstances, while there "is no arrest warrant or secret indictment out there" (with the exception of the one witness who is also an unindicted co-conspirator) Mr. Cole could not guarantee the U.S. government "wouldn't do something while [the witnesses] are there [in Djibouti]." Mr. Cole

---

[1] These quotations are based on counsel's notes of the telephone conversation.

LAW OFFICES OF

**DRATEL & MYSLIWIEC**

Hon. William V. Gallo
United States Magistrate Judge
Southern District of California
October 23, 2012
Page 3 of 4

added that he also "wanted to keep [his] options open[,]" reiterating his belief that "[s]ome of [the witnesses] have liability," and that "they should get their own lawyer."

This new position was communicated to counsel only after telling Mr. Durkin in a telephone conversation the week prior that the government foresaw no problems providing written assurance that their office would not institute any process to cause the arrest of the witnesses while they were in Djibouti. Thus, the government's new position does not at all reflect the position it held for the prior two months as all involved in the Rule 15 process endeavored to coordinate the logistics for the depositions. Nor could there be any distinction based on the nature and location of the safe passage. Certainly providing the witnesses safe passage in and out of the U.S. would not be *less* complicated or difficult than guaranteeing that the U.S. would not take any action against the witnesses in Djibouti. Nor is there any functional difference between safe passage with respect to Kenya as opposed to Djibouti.

Counsel for the defendants raised these concerns with the government in a letter dated October 17, 2012. The government responded that it "never stated that the United States would provide safe passage to any witness, either in the United States or Djibouti." In addition the government asserts that the witnesses are traveling to Djibouti voluntarily and therefore the government does not need to discuss the issue of "safe passage." This claim is directly contrary to the position clearly stated to five defense counsel on the occasions outlined above.

Finally, the government also claims that it is "not accustomed to discussing the status of a third-party witness with a defendant's attorney (who does not represent the witness)[, and ...] does not intend to discuss [this] issue with the defense any further." This newfound reluctance to address safe passage of the witnesses with defense counsel is wholly contradicted by the government's prior communications, in which the government asked defense counsel—and not any lawyers for the witnesses—for the witnesses' position regarding safe passage (and the basis for their refusal to travel to the U.S.), regarding travel to the U.S., Kenya, or Djibouti, and other logistical issues pertaining to them (including their photos and travel/identification documents).

Farah Shidane's testimony is critical to the defense, and it is in the best interest of all of the defendants to obtain his testimony through Rule 15 deposition as planned and scheduled in Djibouti between November 11 and 15, 2012. The government's reversal of position at this late hour is effectively preventing the defendants from exercising their Sixth Amendment right to present a defense. Should the government persist in its position, the defense will seek an alternative means of obtaining his testimony. For instance, defense counsel remains prepared and willing to travel to Somalia to conduct this deposition. Arrangements can be made for the government to participate in that deposition by video conference to avoid the Court's security concerns.

LAW OFFICES OF
**DRATEL & MYSLIWIEC**

Hon. William V. Gallo
United States Magistrate Judge
Southern District of California
October 23, 2012
Page 4 of 4

In addition, the government's recent communications refer to "the deponents," and not specifically to Mr. Shidane.  The defense does not believe that any of the other witnesses are similarly situated to Mr. Shidane, and the government has refused to identify which if any of the other six witnesses it believes face any criminal liability.  Counsel for the defense respectfully requests that the Court instruct the government to identify which of the other witnesses it believes have liability in Djibouti, and therefore may want to seek counsel.

Thank you for your attention to this matter.  All counsel are prepared to address these concerns on the conference call tomorrow.

Respectfully,

 S/Joshua L. Dratel
Joshua L. Dratel

Cc:     William Cole
        Caroline Pineda-Han
        Assistant United States Attorneys

JLD/af