**JOSHUA L. DRATEL**
Admitted *Pro Hac Vice*
**ALICE L. FONTIER**
California State Bar No. 229994
JOSHUA L. DRATEL, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005
Telephone:  (212) 732-0707

Attorneys for Basaaly Moalin

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER )**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 10-CR-4246 (JM) |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO TAKE DEPOSITIONS PURSUANT TO RULE 15 |
| BASAALY MOALIN, | ) | |
| Defendant. | ) | |

**Introduction**

This Joint Memorandum of Law is respectfully submitted in support of defendants Basaaly Moalin, Mohamed Mohamed Mohamud, Issa Doreh, and Ahmed Nasir Taalil Mohamud's, motion, pursuant to Rule 15, Fed.R.Crim.P, for leave to take depositions of eight foreign prospective defense witnesses outside the United States.

As set forth below, and in the accompanying July 9, 2012 Declaration of Alice L. Fontier, Esq. (which is respectfully incorporated by reference herein), as well as in the accompanying *ex parte in camera* July 9, 2012, Declaration of Alice L. Fontier, Esq., the eight prospective defense witnesses will provide testimony that is both relevant and material to the defense.  Also, in light of the "exceptional circumstances" present in this case, and the fact that the depositions should be permitted "in the interest of

1

justice," it is respectfully submitted that the motion should be granted in its entirety.

**Statement of the Facts**

The eight prospective defense witnesses are Somali nationals, Najib Mohammad, Farah Shidane, Abukar Dahir Mohamed, Sheik Abdur Rahman, Sharif Qorey, Dr. Bashir Ahmed Salad, Osman Isse Nor, and Hassan Mohamud Guled.  Each of these witnesses has agreed to be deposed in Mogadishu, Somalia.

The Indictment alleges that the defendants provided material support, in the form of money (and other property, namely, Mr. Moalin's house in Somalia), to *al-Shabaab*.  The allegations against the defendants rest primarily on the government's contention that Mr. Moalin was in direct contact with Aden Ayrow, one of *al-Shabaab*'s leaders.  The Indictment also asserts that after Aden Ayrow was killed on May 1, 2008, Mr. Moalin sought out additional persons affiliated with *al-Shabaab*, to whom he could send money.  After Mr. Ayrow's death, the government claims that Mr. Moalin transferred money to Farah Yare and Omar Mattan, for the purpose of supporting *al-Shabaab*.

The eight prospective witnesses are all people to whom Mr. Moalin transferred money, or who possess direct knowledge of how money that the defendants transferred to Somalia was spent.  Thus, the witnesses will refute the government's allegations that any of the defendants supported *al-Shabaab*.  The relevance and materiality of each of the prospective witnesses' testimony is set forth in detail in the accompanying *ex parte in camera* July 9, 2012, Declaration of Alice L. Fontier, Esq., (which is also respectfully incorporated by reference herein).

**ARGUMENT**

**THE "EXCEPTIONAL CIRCUMSTANCES" IN THIS CASE AS WELL AS THE "INTEREST OF JUSTICE," JUSTIFY GRANTING DEFENDANTS' MOTION FOR LEAVE TO TAKE DEPOSITIONS PURSUANT TO RULE 15, FED.R.CRIM.P.**

**A.**      ***The Standards Governing Depositions Taken Pursuant to Rule 15, Fed.R.Crim.P.***

The standards governing applications to take depositions pursuant to Rule 15, Fed.R.Crim.P., are relatively straightforward.  Rule 15 itself provides in pertinent part that

> (a) **When Taken.**  Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged, be produced at the same time and place.

Rule 15(a), Fed.R.Crim.P.

As the Ninth Circuit has repeatedly noted, the decision

> "[w]hether to grant or deny a motion to depose a proposed witness in a criminal trial is discretionary." *Furlow v. United States,* 644 F.2d 764, 767 (9th Cir.1981).  "The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied." *United States v. Farfan-Carreon,* 935 F.2d 678, 679 (5th Cir.1991).

*United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998).

Also, the Ninth Circuit has declared that in criminal cases depositions may not be used solely for discovery, and a deposition is only proper if the witness may be unavailable to testify at trial.  *United States v. Cutler*, 806 F.2d 933, 936 (9th Cir. 1986), *citing United States v. Rich,* 580 F.2d 929, 933-34 (9th Cir.1978).  *See also United States v. Trumpower*, 546 F. Supp.2d 849, 853 (E.D. Cal. 2008).  As the Court in *Trumpower* noted, "[i]n addition, the rule contemplates a party taking the deposition of only his own witness, a requirement that comports with the purpose of preserving testimony."  546 F. Supp.2d at 853.

Consequently, the Court must determine whether "exceptional circumstances" exist, whether the witness testimony will be used at trial rather than for discovery, and whether the witness is likely to be unavailable.  As set forth **post**, and for the reasons in the *ex parte* declaration of Alice L. Fontier, these standards are clearly satisfied in this case.  Accordingly, it is respectfully submitted that the Court should grant the Joint Motion for Depositions Pursuant to Rule 15, Fed.R.Crim.P.

**B.**     *"Exceptional Circumstances" Are Present In This Case*

The Ninth Circuit has stated that "the facts of each case must be separately considered to determine whether the exceptional circumstances contemplated by Rule 15(a) exist, justifying the deposition[.]  *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1569 (9th Cir. 1989) (fugitive status is not an automatic bar to the granting of a Rule 15 deposition).  In making this determination the District Court "focuses on:  (1)  the prospective unavailability of the witness at trial;  (2)  the good faith effort by the movant to obtain the witnesses' presence at trial;  (3)  a demonstration by the movant that the expected testimony would be favorable;  and (4)  whether the deponents would be available for deposition and willing to testify."  *Trumpower*, 546 F. Supp.2d at 853, *citing United States v. Zuno-Arce,* 44 F.3d 1420, 1425 (9th Cir.1995).

Similarly, in applying the language of Rule 15(a), the Second Circuit has explained that "[i]t is well-settled that the 'exceptional circumstances' required to justify the deposition of a prospective witness are present if that witness' testimony is material to the case and if the witness is unavailable to appear at trial." 739 F.2d at 709 (citations omitted). *See also United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999).

Here, as set forth in the accompanying July 9, 2012 Declaration of Alice L. Fontier, Esq., at ¶¶ 4-38, the circumstances of this case are unquestionably "exceptional." In addition to the international scope of this case, the fact that critical events occurred in Somalia – including the fact that all those who received money from the defendants reside(d) in Somalia – complicates matters considerably in light of the lack of diplomatic relations between the United States and Somalia.

Indeed, Somalia has lacked an effective national government since 1991. The United States has not maintained any formal diplomatic presence in Somalia since that time. The current Transitional Federal Government of Somalia controls only a small, heavily secured, section of Mogadishu. Travel by Somali nationals to the United States is not regularly permitted, and is not feasible.

Thus, absent the depositions, the testimony of the eight Somali witnesses, material to the defense, will be unavailable to the defendants. The United States Department of State requires that all travelers to the United States possess a valid travel visa, and in order to obtain such a visa a foreign citizen must apply to the consulate or embassy with jurisdiction over his or her country of permanent residence. However, the U.S. does not maintain an embassy or consulate in Somalia, or with jurisdiction over Somalia, and because these diplomatic ties have been severed, it is not possible for the eight Somali nationals who would testify at trial to obtain visas and travel to the U.S.

In addition, there exists in this case the added problem of witness safety and security – not only *physically*, but also, with respect to foreign defense witnesses, the prospect of arrest, subpoena, or other process by the United States government (even though none of the eight is an unindicted co-conspirator). Moreover, even if the witnesses are not unindicted co-conspirators, or have any other criminal liability in this or any other matter, that does not mean at all that they do not harbor fears – objectively well-founded or not, but which are certainly of genuine concern to the witnesses – of arrest and/or harassment by the United States government should they testify in the United States on behalf of the defendants.

10cr4246 (JM)

Consequently, the "exceptional circumstances" of this case amply justify the taking of depositions pursuant to Rule 15.  In addition, such depositions would clearly be in the "interest of justice."  As noted in previous papers and above, the problems inherent in obtaining evidence from far-flung locales that are not conducive to allowing its citizens to travel impairs the defendants ability to present a defense.  Thus, the relief provided in Rule 15 is necessary "in the interest of justice[,]" since without it the defendants will be deprived of an opportunity to present important witnesses and their testimony.

**C.**      ***The Prospective Witnesses' Testimony Is Relevant and Material to the Defense At Trial***

The accompanying July 9, 2012 *Ex Parte In Camera* Declaration of Alice L. Fontier, Esq. details the relevance and materiality of the prospective witnesses' testimony.  The standard for materiality under Rule 15 is objective, and "requires a showing that the evidence would enable the defendant to alter the quantum of proof significantly in [his] favor."  *United States v. Lafontaine*, 2000 WL 890380 at *2 (S.D.N.Y. July 5, 2000), *citing United States v. Maniktala*, 914 F.2d 25, 28 (2d Cir. 1991).[1]

However, a defendant "does not have to prove that the evidence would result in an acquittal." *Lafontaine*, at *2, *citing United States v. Bronston*, 321 F. Supp. 1269, 1272 (S.D.N.Y. 1972).  Here, the *Ex Parte In Camera* Declaration easily satisfies the applicable standard for materiality.  The witnesses' projected testimony not only addresses specific allegations in the Indictment, but it is also, in the extraordinary context of this case, likely to be unavailable from any other source.  Thus, without the depositions, the defendants will be deprived of important evidence on their behalf.

**D.**      ***The Prospective Witnesses Are Unavailable Under Rule 804(a), Fed.R.Evid.***

Rule 15(e) provides in pertinent part that

(e) **Use.**  At the trial or upon any hearing, a part or all of a deposition, so far as otherwise

---

[1] In *Lafontaine*, the District Court noted that the motion must be made in timely fashion, although "the Rule specifies no time within which the motion must be made." *United States v. Lafontaine*, 2000 WL 890380 at *1-2 ("Rule 15 sets no deadline for the filing of a motion such as this").  In *Lafontaine*, however, the application could have been made much earlier, while here it is being made as expeditiously as possible, and at the time that was discussed and agreed upon before the Court.  Thus, *Lafontaine* is distinguishable.  *See also United States v. Chisud*, 2000 WL 1449873 at *1 (S.D.N.Y. September 27, 2000) (application was untimely because there was not any explanation for the delay).  In addition, *Lafontaine* is inapposite because in that case the "defendant ha[d] not shown that [the witness] in fact [was] unavailable[]" since did not show he was "unwilling to leave" Canada and appear in a United States court to testify.  2000 WL 890380 at *1.  Here, as established **post**, at 5-6, the prospective witnesses are indeed "unavailable."

admissible under the rules of evidence, may be used as substantive evidence if the witness is unavailable, as unavailability is defined in Rule 804(a) of the Federal Rules of Evidence, or the witness gives testimony at the trial or hearing inconsistent with that witness' deposition.

*See* Rule 15(e), Fed.R.Crim.P.

Here, while that determination need not be made at this juncture, in fact it is clear that the eight witnesses are each "unavailable" under the terms of Rule 804(a). Each of the eight witnesses is a Somali national, currently residing in Somalia, and none have access to a United States Consulate that has the authority to issue a travel visa for Somali nationals.

As the Second Circuit explained in *Johnpoll*, "[u]navailability is to be determined according to the practical standard of whether under the circumstances the [party seeking the deposition] has made a good-faith effort to produce the person to testify at trial." *Johnpoll*, 739 F.2d at 709 (other citations omitted). Thus, the standard is "reasonableness." *Id*. (other citation omitted).

Here, defense counsel has made every effort to secure the witnesses' appearance, but do not possess any leverage to compel such appearance. In fact, in *Johnpoll*, the Second Circuit noted that "being Swiss nationals in Switzerland, [the witnesses] were not amenable to service of United States process, either by statute or treaty." 739 F.2d at 709. Therefore, they "could not be said to be personally available for trial within the meaning of Rule 15." *Id*. *See also United States v. Sindona*, 636 F.2d 792, 803 (2d Cir. 1980) ("none of the four witnesses [Italian nationals residing in Europe] were subject to subpoena"); *United States v. Korolkov*, 870 F. Supp. 60, 65 (S.D.N..Y. 1994) (witnesses neither held United States citizenship, nor resided here, so "they [were] not amenable to United States subpoena"), *citing* Rule 17(e)(2), Fed.R.Crim.P.; 28 U.S.C. §1783 (and *Johnpoll*).

Similarly, in *United States v. Gonzalez,* 488 F.2d 833, 838 (2d Cir. 1973), Second Circuit, while vacating the conviction on other grounds and remanding the case for a new trial, noted that when a witness was "willing to be deposed but unwilling to travel to the United States to testify[,] . . . the wiser course would have been to grant the motion" for the Rule 15 deposition. That was the case even though the witness may have been motivated (at least in part) by possible exposure to prosecution in the United States if he appeared. 488 F.2d at 838-39, *accord Hernandez-Escarsega*, 886 F.2d at 1569.

In *Sindona*, too, it was sufficient that "two of the prospective witnesses had specifically refused to come to the United States." 636 F.2d at 803. Thus, "there was ample reason to fear that all four witnesses

would fail to appear at the trial." *Id*. Since in *Sindona*, the government, in good faith, had relied on those representations, and "made a good faith effort to obtain the witnesses' presence at the trial[,]" 636 F.2d at 804, the motion to take the Rule 15 depositions was granted and affirmed on appeal.

In addition, defense counsel cannot provide any of the witnesses any guarantees with respect to safe and secure passage. In similar cases, the government's inability and/or unwillingness to meet a foreign witness' demands was sufficient to render that witness "unavailable" for purposes of Rule 15.[2] *See, e.g., Johnpoll*, 739 F.2d at 709 [government's refusal to accede to witnesses' demands (for compensation and accommodations) was "not unreasonable"]; *United States v. Korolkov*, 870 F. Supp. at 65 (government indicated witnesses refused to appear despite offers of payment for expenses).

Accordingly, it is respectfully submitted that there exist in this case "exceptional circumstances" that warrant Rule 15 depositions "in the interest of justice" in order that the testimony of the eight unavailable Somali prospective defense witnesses be preserved for trial.

**Conclusion**

For all the reasons set forth above, and in all papers previously filed, it is respectfully submitted that the defendants's joint motion for leave to take depositions pursuant to Rule 15, Fed.R.Crim.P., should be granted in its entirety.

Dated: July 9, 2012
      New York, New York

                    Respectfully submitted,

                    S/ Alice L. Fontier
                    **JOSHUA L. DRATEL**
                    **ALICE L. FONTIER**
                    DRATEL & MYSLIWIEC, P.C.
                    2 Wall Street, 3rd Floor
                    New York, NY 10005

                    *Attorneys for Basaaly Moalin*

---

[2] The defense is amenable to discussion of safe passage for the witnesses, if that is the government's preference. However, the witnesses would each request that the government guarantee that they will be free from arrest and prosecution and other process, and that the government pay the costs of their travel.