# Exhibit 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 10-CR-4246-JM (WVG) |
| Plaintiff, | )<br>)<br>) | **ORDER DENYING DEFENDANTS'**<br>**JOINT MOTION FOR ORDER OF** |
| v. | )<br>) | **SAFE PASSAGE** |
| BASAALY SAEED MOALIN (1),<br>MOHAMED MOHAMED MOHAMUD (2),<br>ISSA DOREH (3),<br>AHMED NASIR TAALIL MOHAMUD (4). | )<br>)<br>)<br>) | **[DOC. NO. 213]** |
| Defendants. | )<br>) | |
| _____ | ) | |

On October 29, 2012, this Court conducted a hearing on Defendants' Joint Motion for Order of Safe Passage. (Doc. No. 213.) Mr. William Cole and Ms. Caroline Han appeared on behalf of Plaintiff, and Ms. Alice Fontier, Mr. Joshua Dratel, Ms. Linda Moreno, Mr. Ahmed Ghappour, and Mr. Thomas Durkin appeared telephonically on behalf of Defendants. A court reporter was also present throughout the proceedings.

## I. **BACKGROUND**

On October 24, 2012, the Court held a telephonic Status Conference. During the Status Conference, Defendants brought to the Court's attention a dispute regarding the issue of safe passage for defense witnesses. On October 26, 2012, both parties filed briefs which set forth their respective positions on the issue of safe passage for defense witnesses. After reviewing Defendants' Joint Motion for Order of Safe Passage (Doc. No. 213), Plaintiff's Supplemental Brief in Opposition to Request to Compel "Safe Passage" for Third-Party Witnesses in a Foreign Nation (Doc. No. 214),

along with arguments made by both sides during the motion hearing, the Court hereby DENIES Defendants' Joint Motion for Order of Safe Passage.

## II. DISCUSSION

The Court finds that, absent any promises or guarantees made by Plaintiff in the undersigned's presence, the Court must rely on representations made by counsel as to discussions about safe passage. Based on the briefing filed by both parties, as well as the arguments asserted during the motion hearing, the Court finds that, although it appears that counsel for both sides did engage in at least one discussion on this issue, Plaintiff did not extend any promises or guarantees of safe passage to any defense witnesses. Although Defense counsel collectively contend that Plaintiff's position has shifted, they do not allege that any express promise or guarantee was made. Consequently, no detrimental reliance by Defendants or their witnesses could have occurred. Further, Plaintiff's counsel asserts that the specific safe passage discussion referenced during the motion hearing was initiated by Defense counsel, not by Plaintiff's counsel.

The Court finds United States v. Santtini to be instructive, although not binding in this judicial district. United States v. Santtini, 963 F.2d 585 (3d Cir. 1992). In Santtini, the Third Circuit Court of Appeals determined that the district court had exceeded its authority by ordering the executive branch of the United States Government not to execute a valid arrest warrant for an unindicted coconspirator of the defendants in a criminal matter. Id. at 599. The Court is not persuaded by the case cited by Defendants, United States v. Puchi, for in that case even though the district court issued an order granting safe passage for a defense witness to travel to the United States, there is no indication that the United States objected. Furthermore, despite the order of safe passage, the defense witness refused to attend the trial. United States v. Puchi, 441 F.2d 697, 701 (9th Cir. 1971).

Similarly, the undersigned does not believe that this Court has the authority to order the executive branch to provide safe passage to defense witnesses. Accordingly, there will be no order from this Court that Plaintiff must provide safe passage to any defense witnesses for purposes of depositions, or for any other purpose, and Defendants' Joint Motion is denied.

10CR4246

The undersigned strongly encourages any objection to this Order to be filed as soon as possible. With counsel set to depart for depositions in Djibouti, Djibouti within the next week, time constraints are a serious reality.

### III. STATUS CONFERENCE

Further, this Court will hold another telephonic Status Conference on November 5, 2012, at 8:00 a.m. **Please note that the time of the Status Conference is different than the time discussed during the motion hearing, although the date remains the same.** Only counsel must participate and the Court will initiate the call.

IT IS SO ORDERED.

DATED: October 29, 2012

Hon. William V. Gallo
U.S. Magistrate Judge

10CR4246