**AHMED GHAPPOUR**
California State Bar No.255723
The Law Offices of Ahmed Ghappour
PO Box 20367
Seattle, WA 98102
T: (415) 598-8508

Attorney for ISSA DOREH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER )**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BASAALY SAEED MOALIN,<br>MOHAMED MOHAMED MOHAMUD,<br>ISSA DOREH,<br>AHMED NASIR TAALIL MOHAMUD,<br><br>    Defendants. | Case No. 10-CR-4246 (JM)<br><br>Date: January10, 2013<br>Time: 9:00 a.m.<br><br>STATEMENT OF FACTS AND<br>MEMORANDUM OF POINTS<br>AND AUTHORITIES IN<br>SUPPORT OF SECOND<br>MOTION FOR A BILL OF<br>PARTICULARS |

**INTRODUCTION**

This Memorandum of Points and Authorities is submitted on behalf of defendant Issa Doreh in support of his second motion for a Bill of Particulars. As detailed below, and in previously filed papers, a Bill of Particulars is necessary to ensure that Mr. Doreh can adequately prepare for trial, prevent any surprises at trial, and protect against double jeopardy.

**STATEMENT OF FACTS**

The January 14, 2011 First Superseding Indictment in this case consisted of five counts: Count One charged a conspiracy to provide material support to terrorists, in violation of 18 U.S.C. §2339A(a); Count Two charged a conspiracy to provide material support to a foreign terrorist organization, in

violation of 18 U.S.C. §2339B(a)(1); Count Three charged a conspiracy to kill in a foreign country, in violation of 18 U.S.C. §956; Count Four charged a conspiracy to launder monetary instruments, in violation of 18 U.S.C. §1956(a)(2)(A) and (h); and Count Five charged the provision of material support to terrorists, in violation of 18 U.S.C. §2339A(a). *See* First Superseding Indictment, Dkt No. 38. Mr. Doreh was charged in Counts One through Four. *Id.*

Counsel for Mr. Doreh filed a motion requesting a Bill of Particulars on December 12, 2011. *See* Motion for Bill of Particulars, Dkt. No. 104. Following a Response in Opposition by the government, Dkt. 110, and the defendant's Reply, Dkt. 118, this Court held oral argument on the motion on February 9, 2012. *See* Minute Entry of February 9, 2012, Dkt. No. 120. The Court has not ruled on the motion.

During oral argument, the government asserted that the § 956 conspiracy to kill overseas charged in Count Three of the First Superseding Indictment "was a predicate" to the § 2339A material support charges in Counts One and Five, as well as the § 1956 money laundering charge in Count Four. Specifically, Assistant United States Attorney Cole stated, "The conspiracy to kill is alleged in the indictment, and it simply alleges a predicate offense in the other charges that require predicate offenses." Tr. at 50. Referring to Count Three of the Second Superseding Indictment, Mr. Cole stated, "There is one conspiracy to kill overseas. It simply alleges a predicate in other offenses in the indictment." Tr. at 49.

The indictment was superseded for a second time on June 8, 2012. *See* Second Superseding Indictment, Dkt. 147. The Second Superseding Indictment eliminated the "predicate" conspiracy to kill in a foreign country, and added a substantive count alleging provision of material support to a foreign terrorist organization in violation of 18 U.S.C. 2339B. The Second Superseding Indictment consists of five counts:

Count One mirrors that of the First Superseding Indictment. It charges Mr. Doreh and all co-defendants with conspiracy to provide material support to terrorists, in violation of 18 U.S.C. §2339A(a). *Id.* at 2-3. The alleged conspiracy began at an unknown time to the grand jury and continued until

approximately August 5, 2008. *Id*. at 3. The predicate offenses alleged in Count One are a (1) a conspiracy to kill overseas in violation of 18 U.S.C. §956 and a conspiracy to use a weapon of mass destruction in violation of 18 U.S.C. §2332a(b). A person who "within the jurisdiction of the United States, conspires with one or more other persons [..] to commit at any place outside the United States an act that would constitute the offense of murder" is in violation of the predicate §956 offense. A "national of the United States who, without lawful authority, [..] conspires to use, a weapon of mass destruction outside of the United States" is in violation of the predicate §2332a offense.

Count Two charges Mr. Doreh and all co-defendants with conspiracy to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. §2339B(a)(1), for a conspiracy that allegedly began "on or about March 18, 2008" and continued until approximately August 5, 2008. *Id*. at 9. The organization the defendants are alleged to have provided material support is "Al-Shabaab," which was designated as a Foreign Terrorist Organization on or about February 26, 2008. *Id*.

Count Three charges Mr. Doreh and all co-defendants with a conspiracy to launder monetary instruments, in violation of 18 U.S.C. §1956(a)(2)(A) and (h), which allegedly began on a date unknown to the grand jury and continued until "at least on or about August 5, 2008." *Id*. at 7. The predicate offenses alleged for Count Three are §2339B(a)(1) provision of material support to a foreign terrorist organization, § 2339A(a) provision of material support to a terrorists and a § 956 conspiracy to kill overseas. *Id.* 10-11.

Count Four does not charge Mr. Doreh but charges defendant Moalin with providing material support to terrorists, in violation of 18 U.S.C. §2339A(a). *Id*. at 8. The predicate offense is a §956 conspiracy to kill overseas.

Count Five charges Messrs. Doreh, Moalin and Mohamed-Mahamud with providing material support to a foreign terrorist organization, in violation of 18 U.S.C. §2339B(a)(1), for providing $3,000 to al-Shabaab on April 23, 2008.

In essence, the Second Superseding Indictment added a substantive § 2339B charge (Count Five),

and eliminated the § 956 conspiracy to kill overseas charged in Count Three of the First Superseding Indictment. Notably, the three charges the §965 count acted as a predicate for still remain.

## ARGUMENT

**A.  *A Bill of Particulars Is Necessary for the Preparation of Mr. Doreh's Defense, and for Adequate protection against Double Jeopardy (including Collateral Estoppel).***

Mr. Doreh's request meets the standard for a Bill of Particulars. Mr. Doreh adopts the legal arguments set forth in his First Motion for a Bill of Particulars and Reply. *See* First Motion for a Bill of Particulars, Dkt. 104; Reply to Response to Motion by Issa Doreh for a Bill of Particulars; Dkt. 118.

**B.  The Particulars Sought**

1. With respect to Count One of the Second Superseding Indictment ("the indictment"), alleging a conspiracy to provide material support to terrorists—for use in preparation for and in carrying out violations of 18 U.S.C. §§ 956 & 2332a(b)—in violation of 18 U.S.C. §2339A(a), please identify specifically:

   a. whether any other money transfers, other than those cited in the indictment, were part of the conspiracy;

   b. to which "terrorists" the alleged "material support and resources" were provided;

   c. the referenced "conspiracy to kill persons in a foreign country" in violation of 18 U.S.C. § 956, including:

      i. whose "conspiracy to kill persons in a foreign country" it was;

      ii. the manner in which the alleged "material support and resources" were to be used in "preparation for and in carrying out" a "conspiracy to kill persons in a foreign country;"

      iii. the "act that would constitute the offense of murder if committed in the United States."

        iv. the identity and/or description of the anticipated victims (or victim class) of the alleged "conspiracy to kill in a foreign country;"

        v. what, if any, distinctions exist between the alleged conduct, and that alleged in the "conspiracy to use a weapon of mass destruction" referenced in the same count.

    d. the referenced "conspiracy to use a weapon of mass destruction outside of the United States" in violation of 18 U.S.C. § 2332a(b), including:

        i. whose "conspiracy to use weapons of mass destruction outside of the United States" is alleged;

        ii. what weapon (or type of weapon) of mass destruction;

        iii. the manner in which the "material support" was to be used in "preparation for and in carrying out" a "conspiracy to use weapons of mass destruction outside of the United States;"

        iv. what, if any, distinctions exist between the alleged conduct, and that alleged in the "conspiracy to kill persons in a foreign country" referenced in the same count; and

2. With respect to Count Two of the indictment, alleging a conspiracy to provide material support to a foreign terrorist organization in violation of 18 U.S.C. 2339B(a)(1), please identify specifically whether any other money transfers, other than those cited in the indictment, were part of the conspiracy;

3. With respect to Count Four of the indictment, alleging the provision of material support to terrorists—for use in preparation for and in carrying out a violation of 18 U.S.C. § 956—in violation of 18 U.S.C. §2339A(a), please identify specifically the precise manner in which the "house in Somalia" was "to be used in preparation for and in carrying out a conspiracy to kill persons in a foreign country."

4. With respect to Count Five of the indictment, alleging the provision of material support to a foreign terrorist organization in violation of 18 U.S.C. §2339B(a)(1) & (2), please identify specifically:

    a. what, if any, additional transactions of "currency and monetary instruments" not listed in the indictment is Mr. Doreh alleged to have "provided" to "al-Shabaab,"

    b. the intended recipient of each transaction alleged.

## CONCLUSION

For all the reasons set forth above, and in all papers filed previously, it is respectfully submitted that Mr. Doreh's Second Motion for a Bill of Particulars be granted in their entirety.

Respectfully submitted,

DATED: December 20, 2011  
Austin, TX

S/ Ahmed Ghappour  
AHMED GHAPPOUR  
The Law Offices of Ahmed Ghappour  
PO Box 20367  
Seattle, WA 98102

*Attorney for Issa Doreh*

To: THE HON. JEFFREY T. MILLER  
UNITED STATES DISTRICT JUDGE

WILLIAM COLE  
CAROLINE HAN  
ASSISTANT UNITED STATES ATTORNEYS