LAURA E DUFFY
United States Attorney
WILLIAM P. COLE/CAROLINE P. HAN
Assistant U.S. Attorneys
California Bar No.: 186772/250301
STEVEN P. WARD
Trial Attorney
D.C. Bar No. 395410
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-6762/6968
Fax: (619) 546-0631
Email:  william.p.cole@usdoj.gov
            caroline.han@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>    v.<br><br>BASAALY SAEED MOALIN (1),<br>MOHAMED MOHAMED<br>    MOHAMUD (2),<br>ISSA DOREH (3),<br>AHMED NASIR TAALIL<br>    MOHAMUD (4),<br><br>       Defendants. | Case No.: 10CR4246-JM<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANTS' JOINT MOTION FOR NEW TRIAL**<br><br>Date:  November 13, 2013<br>Time: 1:30 p.m.<br>Ctrm: Judge Jeffrey T. Miller |

      The United States of America, by and through its counsel Laura E. Duffy, United States Attorney, William P. Cole and Caroline P. Han, Assistant U.S. Attorneys, and Steven P. Ward, Trial Attorney, hereby files Notice of Supplemental Authority in Support of United States' Response and Opposition to Defendants' Joint

Motion for New Trial, and provides the Court with a copy of <u>In re Application of the</u> <u>Federal Bureau of Investigation for an Order Requiring the Production of Tangible</u> <u>Things</u>, Dkt. No. 13-158, Memorandum (FISA Ct. Oct. 11, 2013) http://www.uscourts.gov/uscourts/courts/fisc/br13-158-memo-131018.pdf, attached hereto.

DATED: October 24, 2013                          Respectfully submitted,

                                                 LAURA E. DUFFY
                                                 United States Attorney


                                                 /s/ Caroline P. Han
                                                 WILLIAM P. COLE
                                                 CAROLINE P. HAN
                                                 Assistant United States Attorneys
                                                 STEVEN P. WARD
                                                 Trial Attorney
                                                 Counterterrorism Section
                                                 National Security Division

TOP SECRET//SI//NOFORN

UNITED STATES

FOREIGN INTELLIGENCE SURVEILLANCE COURT

WASHINGTON, D.C.

IN RE APPLICATION OF THE FEDERAL
BUREAU OF INVESTIGATION FOR AN
ORDER REQUIRING THE PRODUCTION OF
TANGIBLE THINGS FROM ███████



Docket Number: BR 13-158

**MEMORANDUM**

The Court has today issued the Primary Order appended hereto granting the

"Application for Certain Tangible Things for Investigations to Protect Against

International Terrorism" ("Application"), which was submitted to the Court on October

TOP SECRET//SI//NOFORN

TOP SECRET//SI//NOFORN

10, 2013, by the Federal Bureau of Investigation ("FBI"). The Application requested the

issuance of orders pursuant to 50 U.S.C. § 1861, as amended (also known as Section 215

of the USA PATRIOT Act), requiring the ongoing daily production to the National

Security Agency ("NSA") of certain telephone call detail records in bulk.

The Primary Order appended hereto renews the production of records made

pursuant to the similar Primary Order issued by the Honorable Claire V. Eagan of this

Court on July 19, 2013 in Docket Number BR 13-109 ("July 19 Primary Order"). On

August 29, 2013, Judge Eagan issued an Amended Memorandum Opinion setting forth

her reasons for issuing the July 19 Primary Order ("August 29 Opinion"). Following a

declassification review by the Executive Branch, the Court published the July 19

Primary Order and August 29 Opinion in redacted form on September 17, 2013.

The call detail records to be produced pursuant to the orders issued today in the

above-captioned docket are identical in scope and nature to the records produced in

response to the orders issued by Judge Eagan in Docket Number BR 13-109. The

records will be produced on terms identical to those set out in Judge Eagan's July 19

Primary Order and for the same purpose, and the information acquired by NSA

through the production will be subject to the same provisions for oversight and

identical restrictions on access, retention, and dissemination.

TOP SECRET//SI//NOFORN

This is the first time that the undersigned has entertained an application requesting the bulk production of call detail records. The Court has conducted an independent review of the issues presented by the application and agrees with and adopts Judge Eagan's analysis as the basis for granting the Application. The Court writes separately to discuss briefly the issues of "relevance" and the inapplicability of the Fourth Amendment to the production.

Although the definition of relevance set forth in Judge Eagan's decision is broad, the Court is persuaded that that definition is supported by the statutory analysis set out in the August 29 Opinion. That analysis is reinforced by Congress's re-enactment of Section 215 after receiving information about the government's and the FISA Court's interpretation of the statute. Although the existence of this program was classified until several months ago, the record is clear that before the 2011 re-enactment of Section 215, many Members of Congress were aware of, and each Member had the opportunity to learn about, the scope of the metadata collection and this Court's interpretation of Section 215. Accordingly, the re-enactment of Section 215 without change in 2011 triggered the doctrine of ratification through re-enactment, which provides a strong reason for this Court to continue to adhere to its prior interpretation of Section 215. See Lorillard v. Pons, 434 U.S. 575, 580 (1978); see also EEOC v. Shell Oil Co., 466 U.S. 54, 69 (1984); Haig v. Agee, 453 U.S. 280, 297-98 (1981).

TOP SECRET//SI//NOFORN

TOP SECRET//SI//NOFORN

The undersigned also agrees with Judge Eagan that, under Smith v. Maryland, 442 U.S. 735 (1979), the production of call detail records in this matter does not constitute a search under the Fourth Amendment. In Smith, the Supreme Court held that the use of a pen register to record the numbers dialed from the defendant's home telephone did not constitute a search for purposes of the Fourth Amendment. In so holding, the Court stressed that the information acquired did not include the contents of any communication and that the information was acquired by the government from the telephone company, to which the defendant had voluntarily disclosed it for the purpose of completing his calls.

The Supreme Court's more recent decision in United States v. Jones, — U.S. —, 132 S. Ct. 945 (2012), does not point to a different result here. Jones involved the acquisition of a different type of information through different means. There, law enforcement officers surreptitiously attached a Global Positioning System (GPS) device to the defendant's vehicle and used it to track his location for 28 days. The Court held in Justice Scalia's majority opinion that the officers' conduct constituted a search under the Fourth Amendment because the information at issue was obtained by means of a physical intrusion on the defendant's vehicle, a constitutionally-protected area. The majority declined to decide whether use of the GPS device, without the physical intrusion, impinged upon a reasonable expectation of privacy.

TOP SECRET//SI//NOFORN

TOP SECRET//SI//NOFORN

Five Justices in <u>Jones</u> signed or joined concurring opinions suggesting that the precise, pervasive monitoring by the government of a person's location could trigger Fourth Amendment protection even without any physical intrusion. This matter, however, involves no such monitoring. Like <u>Smith</u>, this case concerns the acquisition of non-content metadata other than location information. <u>See</u> Aug. 29 Op. at 29 at 4 n.5; <u>id.</u> at 6 & n.10.

Justice Sotomayor stated in her concurring opinion in <u>Jones</u> that it "may be necessary" for the Supreme Court to "reconsider the premise that an individual has no reasonable expectation of privacy in information voluntarily disclosed to third parties," which she described as "ill suited to the digital age." <u>See</u> <u>Jones</u>, 132 S. Ct. at 957 (Sotomayor, J., concurring) (citing <u>Smith</u> and <u>United States v. Miller</u>, 425 U.S. 435, 443 (1976), as examples of decisions relying upon that premise). But Justice Sotomayor also made clear that the Court undertook no such reconsideration in <u>Jones</u>. <u>See</u> <u>id.</u> ("Resolution of these difficult questions in this case is unnecessary, however, because the Government's physical intrusion on Jones' Jeep supplies a narrower basis for decision."). The Supreme Court may some day revisit the third-party disclosure principle in the context of twenty-first century communications technology, but that day has not arrived. Accordingly, <u>Smith</u> remains controlling with respect to the acquisition by the government from service providers of non-content telephony

TOP SECRET//SI//NOFORN            Page 5

TOP SECRET//SI//NOFORN

metadata such as the information to be produced in this matter.

   In light of the public interest in this matter and the government's declassification of related materials, including substantial portions of Judge Eagan's August 29 Opinion and July 19 Primary Order, the undersigned requests pursuant to FISC Rule 62 that this Memorandum and the accompanying Primary Order also be published and directs such request to the Presiding Judge as required by the Rule.

   ENTERED this 11th day of October, 2013.

MARY A. McLAUGHLIN
Judge, United States Foreign
Intelligence Surveillance Court