**JOSHUA L. DRATEL**
Admitted *Pro Hac Vice*
JOSHUA L. DRATEL, P.C.
29 Broadway, Suite 1412
New York, New York 10006
Telephone: (212) 732-0707

**ALICE FONTIER**
California State Bar No.229994
369 Lexington Avenue, 2d fl., #224
New York, New York 10017
Telephone:  (212) 256-1244

Attorneys for Basaaly Moalin

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER )**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 10-CR-4246 (JM) |
| ) | |
|     Plaintiff, ) | Date: November 13, 2013 |
| ) | Time: 1:30 p.m. |
|     v. ) | |
| ) | SUPPLEMENTAL |
| ) | MEMORANDUM OF LAW |
| BASAALY MOALIN, ) | IN SUPPORT OF |
| ) | DEFENDANTS' JOINT |
|     Defendant. ) | MOTION PURSUANT TO |
| ) | RULE 33, FED. R.CRIM. P., |
| ) | FOR A NEW TRIAL |
| ) | |

This Supplemental Memorandum of Law is submitted in support of defendants' joint motion, pursuant to Rule 33, Fed.R.Crim.P., for a new trial and other alternative relief, and to clarify an issue that was discussed during yesterday's oral argument on the motion.

Regarding the government's representation that it did not use against Mr. Moalin any evidence derived from interceptions conducted pursuant to Section 702 of the FISA Amendments Act ("FAA"), 50 U.S.C. §1881a, that may be technically correct because *section 702 did not exist until July 10, 2008*, when it was enacted by Congress.  The Foreign Intelligence Surveillance Act ("FISA") electronic surveillance of Mr. Moalin was already nearly eight months old by that date.

Also, the January 24, 2008, e-mail from FBI Special Agent Michael C. Kaiser to the government's Somali linguist, Liban Abdirahman (attached as Exhibit 6 to Mr. Moalin's initial Memo of Law in support of this motion), in mentioning "another agency's" interception of an attempted telephone call to Mr. Moalin (purportedly from Aden Ayrow), could not have been referring to an interception pursuant to section 702 because the section did not exist at that time.

Rather, it is more than likely that the interception referred to in that January 24, 2008, e-mail (and any other interceptions made by "another agency") was accomplished pursuant to the pre-existing Terrorist Surveillance Program ("TSP"), a warrantless electronic surveillance program that was neither authorized by Congress at the time, nor lawful in any other respect when utilized, as in this instance, to intercept communications of U.S. persons (such as Mr. Moalin, a citizen) located in the U.S. (as was Mr. Moalin).

While section 702 codified the TSP to a certain extent, prior to that codification the TSP constituted an *ultra vires* warrantless electronic surveillance program that had not been authorized by either Congress or the Foreign Intelligence Surveillance Court ("FISC").  In fact, TSP bypassed the FISC altogether;  only following passage of section 702 did the FISC begin to entertain and approve any applications for wiretapping targeting international communications (as FISA, and the FISC's jurisdiction, had previously extended only to domestic communications), and *not* directed at specific persons..

Thus, the interception referred to in the January 24, 2008, e-mail, and other such interception(s) occurring prior to July 10, 2008, were conducted in violation of FISA (which governs domestic communications), Executive Order 12,333 (which governs communications by U.S. persons overseas), and/or the Fourth Amendment.  In addition, any evidence derived from such interception(s), such as, *i.e.*, renewals of the FISA electronic surveillance, the fruits of the FISA search, or any other evidence, must be suppressed as "fruit of the poisonous tree."

Indeed, any references to section 702 (or 50 U.S.C. §1881a) in the graphic presentations marked as Defense Exhibits A through F and admitted during oral argument

10cr4246

1   today should include the TSP – the precursor to section 702 – to the extent the time frame,

2   such as with respect to the initial 2003 investigation of Mr. Moalin, and/or the conclusion

3   in late 2007 that he was in indirect contact with a facilitator or extremist in Somalia,

4   predates July 10, 2008, in fact are interchangeable with the TSP.

5        However, while section 702 interceptions are authorized by statute (leaving aside

6   issues of either Fourth Amendment and/or statutory compliance), the TSP was not.  As a

7   warrantless search, it was conducted without any such authority.  Accordingly, any

8   contribution made by TSP-generated interceptions or metadata would render all evidence

9   further up the chain "fruit of the poisonous tree," requiring its suppression.

10        Moreover, the government's response with respect to section 702 does not answer

11   whether the interception referred to in the January 24, 2008, e-mail, or any other

12   interception(s) of Mr. Moalin (other than that authorized pursuant to the FISA warrant

13   issued in late 2007), was conducted pursuant to the TSP, and, in turn, whether any

14   evidence in the case was in any manner derived from such unlawful interception(s).

15   Dated: 14 November 2013
            New York, New York

16                                 Respectfully submitted,

17                                S/ Joshua L. Dratel

18                               **JOSHUA L. DRATEL**
                                 JOSHUA L. DRATEL, P.C.

19                               29 Broadway, Suite 1412
                               New York, NY 10006

20                               *Attorneys for Basaaly Moalin*

21                                S/ Linda Moreno

22                               **LINDA MORENO**
                               Linda Moreno, P.A.

23                               PO Box 10985
                               Tampa, Florida 33679

24                               *Attorney for Mohamed Mohamud*

25                                S/ Ahmed Ghappour

26                               **AHMED GHAPPOUR**
                               The Law Offices of Ahmed Ghappour
                               PO Box 20367

27                               Seattle, Washington 98102

28                               *Attorney for Issa Doreh*

S/ Thomas A. Durkin
**THOMAS A. DURKIN**
Durkin & Roberts
Attorneys and Counselors
2446 North Clark Street
Chicago, Illinois 60614

*Attorneys for Ahmed Nasir
Taalil Mohamud*

10cr4246