1                   United States District Court

2                 Southern District of California

3

4   UNITED STATES OF AMERICA,        )
                                     )
5                   Plaintiff,       )
                                     )
6       vs.                          ) Case No. 10-CR-4246 JM
                                     ) Jury Trial/Days 16, 17, 18
7   BASAALY SAEED MOALIN,            ) Wednesday, February 20, 2013
    MOHAMAD MOHAMAD MOHAMUD          ) Thursday, February 21, 2013
8   ISSA DOREH,                      ) Friday, February 22, 2013
    AHMED NASIR TAALIL MOHAMUD,      )
9                                    ) Volume 14
                    Defendants.      )
10  _____ )

11

12              Before the Honorable Jeffrey T. Miller
                   United States District Judge

13

14

15

16

17

18

19

20  Official Interpreters:   Ayderus Ali, CCI
                             Fanik Jama, CCI
21
    Official Court Reporter: Debra M. Henson, CSR, RPR
22                           U.S. Courthouse
                             221 W. Broadway, Suite 5190
23                           San Diego, CA  92101
                             (619) 238-4538
24

25
                Record produced by stenographic reporter

```
1    Appearances

2    For the Government:        Laura E. Duffy
                                UNITED STATES ATTORNEY
3                               William P. Cole
                                Caroline P. Han
4                               ASSISTANT U.S. ATTORNEYS
                                Steven P. Ward, Trial Attorney
5                               U.S. DEPARTMENT OF JUSTICE
                                880 Front Street, Suite 6293
6                               San Diego, CA  92101

7    For the Defendants:
     (Mr. Moalin)              Joshua L. Dratel, Esq.
8                               Alice Fontier, Esq.
                                OFFICE OF JOSHUA L. DRATEL
9                               2 Wall Street, Third Floor
                                New York, NY  10005
10
     (Mr. M. Mohamud)          Linda Moreno, Esq.
11                              LINDA MORENO, P.A.
                                P.O. Box 10985
12                              Tampa, FL  33679

13   (Mr. Doreh)               Ahmed Ghappour, Esq.
                                LAW OFFICES OF AHMED GHAPPOUR
14                              P.O. Box 20367
                                Seattle, WA  98102
15
     (Mr. A. Mohamud)          Thomas A. Durkin, Esq.
16                              Janis Roberts, Esq.
                                DURKIN & ROBERTS
17                              2446 N. Clark Street
                                Chicago, IL  60614
18

19

20

21

22

23

24

25
```

1    San Diego, California - Wednesday, February 20, 2013

2        (Jury deliberations continue.)

3        THE COURT:  Very good.  Thank you so much for all

4    being available.  We're on the record then in U.S. versus

5    Moalin.  I believe I have all counsel on the phone.  Would

6    you state your appearances very briefly, please.  Mr. Cole,

7    why don't you start.

8        MR. COLE:  Yes.  William Cole, Steve Ward, and

9    Caroline Han for the government.

10        THE COURT:  Next?

11        MR. DRATEL:  Josh Dratel for Mr. Moalin.  Good

12    afternoon, your Honor.  Ms. Fontier is not here, but I'll be

13    sufficient.

14        MS. MORENO:  Linda Moreno on behalf of Mr. Mohamud.

15        MR. GHAPPOUR:  Ahmed Ghappour on behalf of Mr.

16    Doreh.

17        MR. DURKIN:  Tom Durkin and Janice Roberts for

18    Ahmed Nasir.

19        THE COURT:  Okay.  Thank you very much.  You know,

20    I've received a request from the jury, and I thought I'd give

21    you the courtesy of calling rather than just answering.  It's

22    related to logistics and their own comfort.

23        With all their materials, their notebooks and all

24    other exhibits, they're having a very difficult time with the

25    limited table space, so they've asked -- they've asked if

1    they could use the courtroom, the tables, counsel tables in

2    the courtroom, to spread out and essentially turn the

3    courtroom into a jury deliberation room.

4            I've done that before.  I have no hesitancy to do

5    that.  What we do is we completely lock and secure the

6    courtroom, locking all doors into the courtroom as if it were

7    an expanded jury deliberation room.

8            My recommendation would be that we do that.  I just

9    wanted to let you all know and, if anyone had any concerns

10   about that, to give you an opportunity to voice your

11   concerns.  Mr. Cole, any concern or issue with that as far as

12   you're concerned?

13           MR. COLE:  No.

14           THE COURT:  Okay.  Mr. Dratel?

15           MR. DRATEL:  Your Honor, we don't -- just I guess

16   just to make sure that there's nothing else in the courtroom

17   that they could consult that was left there.  I don't think

18   so, but obviously that would be just to make sure.  But we

19   have no objection.  I mean I thought it was pretty close

20   quarters for -- to have the jury and a charge conference.  I

21   can't imagine 10 or 15 people being in there all day.

22           THE COURT:  That's right.  No, we'll make sure that

23   the -- there is nothing in the courtroom, no extraneous

24   material or information of any kind.  And what we'll probably

25   do is just remove the monitors from defense -- from the two

1   or three defense tables -- that's probably the easiest way to

2   do it -- and then just allow them to use those tables.  Okay?

3   Ms. Moreno?

4               MR. DRATEL:  That's fine.

5               THE COURT:  Okay.  Ms. Moreno, any concern?

6               MS. MORENO:  No, your Honor.  Mr. Dratel voiced it.

7   We're fine with that, sir.

8               THE COURT:  Mr. Ghappour?

9               MR. GHAPPOUR:  No concern, your Honor.

10              THE COURT:  Mr. Durkin?

11              MR. DURKIN:  That's fine, Judge.

12              THE COURT:  Okay.  Very good.  Then what I'm going

13  to do is advise the jury that beginning tomorrow we will be

14  able to comply with their request.  I'll have somebody from

15  -- in the meantime, I'll have somebody from the U.S.

16  Attorney's Office IT department come over and remove these

17  monitors from defense tables, so, Mr. Cole, if you could ask

18  Ray Christiansen or whoever else is on board with that.  I'll

19  advise the jury that beginning tomorrow morning we'll be able

20  to accommodate them.

21              The door to the jury room, the jury deliberation

22  room, will remain open so they can use the facilities back

23  there if they need to for their own comfort.  They'll be

24  given their customary breaks where they can leave the

25  courtroom and use the hallways or whatever.  That's pretty

 1   much it, counsel.  We'll keep you advised, okay?

 2             MS. MORENO:  All right.  Thank you, your Honor.

 3             MR. COLE:  Thank you.

 4             THE COURT:  Okay.  Goodbye.

 5        (There was a break in the proceedings for continued jury

 6   deliberations.)

 7        (The following proceedings were in the courtroom.)

 8             THE COURT:  Good afternoon, everyone.  Let the

 9   record reflect we have all 12 jurors here.  And I received

10   your request that you'd like to use the courtroom for

11   deliberations purpose.  That certainly is a reasonable

12   request given all of the materials you have.  I did touch

13   base with counsel on this; I want you to know that.  And so

14   what we'll do is beginning tomorrow morning at nine o'clock

15   we'll be able to accommodate that.

16             We'll have the monitors from those defense tables

17   removed and probably put somewhere in the courtroom here out

18   of the way.  That will give you access to those two tables

19   there, L-shaped tables, and that will give you plenty of

20   room.  And what we'll do then is we're going to basically

21   lock this courtroom; all doors into this courtroom will be

22   locked.  It will be just a larger jury deliberation room, and

23   so we'll follow the same procedures.  You'll take your breaks

24   as you customarily do.  We're going to leave the door to the

25   jury room open so that if you need to use the facilities in

 1    there, you can certainly do that.

 2            Let's see.  Anything else I need to tell you?  I

 3    don't think so.  Don't worry about anyone listening to

 4    whatever you're doing.  You can deliberate in the same

 5    fashion as you have been during the day.  If you need to

 6    summon us, use the buzzer in the jury deliberation room.  So

 7    just consider this an enlarged deliberation room as you have

 8    requested.  I think that's about it.  Were there any

 9    questions associated just with this particular subject that I

10    have not answered?  Okay.  Apparently I've answered all your

11    questions.  So I think with that we will -- yes, Ms. Fierro?

12            JUROR FIERRO:  We've been using the white board

13    quite a bit.  Is there any way we could have like a -- do you

14    have a rolling white board or anything that we would use?

15            THE COURT:  A rolling blackboard?

16            JUROR FIERRO:  Some kind of -- similar to what we

17    have in there?

18            THE COURT:  In other words, whatever you have in

19    there, you want another one?

20            JUROR FIERRO:  Yes.  Well, we're going to be

21    sitting out here.

22            THE COURT:  Oh, you're going to be sitting over

23    here.

24            JUROR FIERRO:  Yeah.  It's very important, what we

25    have up there that we're trying --

1              THE COURT:  No, no, I understand that.  I

2    understand that.  Well, if you have a board that you're

3    already working with in there, then that can be carried out

4    here.

5              JUROR FIERRO:  It's on the wall.  It's the one on

6    the wall.

7              THE COURT:  It's on the wall.  So you would have to

8    recreate what you have on the wall.

9              JUROR FIERRO:  It's a dry erase.

10             JUROR SCIACQUA:  And that's too small.

11             THE COURT:  Yes.

12             JUROR SCIACQUA:  Although we're also using one

13   similar to that besides the --

14             JUROR JOHNSON:  Which we can bring out.

15             JUROR SCIACQUA:  We can bring that out because

16   that's portable.

17             THE COURT:  Okay.  What we'll do is we'll look into

18   the logistics of this, and whatever we have available for

19   you -- would you close that door.  We'll be with that

20   gentleman in just a moment.  Whatever we have available,

21   we'll have here in the morning, and hopefully we'll have some

22   white boards, rolling white boards for you.  And any other

23   requests you have you can put in writing.  Ms. Freni?

24             JUROR FRENI:  I just wanted to make clear so you're

25   aware, so the white board and the boards we're using might

1  have reference to some votes or something that we might have

2  already done, just whoever is working with it.

3              THE COURT:  Right, but --

4              JUROR FRENI:  Not supposed to know.

5              THE COURT:  Well, if you're looking -- I don't know

6  why you mentioned that other than to let me know that --

7  what's your concern?  I mean you can transfer -- you can

8  transfer the information you have on the fixed white board in

9  the jury deliberation room.  You can -- if we can get you a

10 rolling board, then what you can do is you can just transfer

11 that information.  Hopefully you can roll it into the jury

12 deliberation room, copy it on the rolling board, roll the

13 board --

14             JUROR FRENI:  I just wasn't sure if someone else

15 was doing that for us.

16             THE COURT:  No, no, no.  We don't -- no, we

17 don't -- we wouldn't allow that.  That's -- that's inviolate

18 there.  And so you can do that yourselves.  And we'll just

19 keep you advised of what's going to be available for you by

20 way of equipment.  So was that gentleman here to take down

21 these displays, our monitors?  Okay.  So we'll look into the

22 white boards.  As I say, if you have any other questions, let

23 me know, just put it in writing from this point forward if

24 you would.  What we're doing here is fine, it's on the

25 record, so it's preserved.  And I think that's about it.  And

1    as I say, don't be concerned.  Even though you're going to be

2    in a larger space, you're going to be in the courtroom, don't

3    be concerned about anyone overhearing what you're doing or

4    any security issues, okay?  We'll try to have some pastries

5    for you in the morning.  These are the important things,

6    right?

7               JUROR FIERRO:  Thank you.

8               THE COURT:  Okay.  I think that's about it.  If you

9    don't mind continuing deliberations in your jury

10   deliberation, you can do that until 4:30, and then just buzz

11   the bailiff either before or after 4:30 if you want to finish

12   up on a point you're discussing and it's a convenient time

13   for to you break, anytime close to 4:30, you can do that.  Or

14   if it's your desire to break now, you could certainly do

15   that.  We leave that up to you, up to the jury.  Okay?

16              JUROR FIERRO:  Thank you.

17              THE COURT:  Very good.  Carry on.

18        (The jury left the courtroom.)

19        (There was a break in the proceedings for the evening

20   recess.)

21

22

23

24

25

2008

1           San Diego, California - Thursday, February 21, 2013

2           (There was a break in the proceedings for continued jury

3   deliberations.)

4           (There was a break in the proceedings for the evening

5   recess.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          San Diego, California - Friday, February 22, 2013

2          (Defendant A. Mohamud is being assisted by a Somali

3     interpreter.)

4          THE COURT:  Good afternoon, everyone.  We've -- I

5     think everybody's already been informed we received an

6     indication from jury in the form of a note that the jury had

7     reached a verdict.  Let me say all counsel are present, the

8     parties are present as well.  The jury is not present at this

9     point; they're outside.  We'll bring them in very, very

10    shortly.  I responded to the jury indicating that they were

11    to return at this time to deliver their verdict.  So I think

12    without further ado, we'll have the jury brought into the

13    courtroom -- into the jury deliberation room at this time.

14    The alternates should be seated in their regular seats,

15    please.  Thank you.

16         (The alternate jurors entered the courtroom.)

17         THE COURT:  Thank you, Ms.Clark, Mr. Brenzel,

18    welcome, Mr. Adams.  All right.  Ladies and gentlemen, please

19    be seated.  Okay.  After 12:00 -- at approximately 12:15 to

20    12:20 today we received a note.  It read:  Your Honor, we,

21    the jury, have reached a verdict.  And it was signed by

22    Robert Channell, jury foreperson; he identifies himself as

23    jury foreman.  And they were allowed to have their lunch and

24    instructed not to discuss the case further.  And so we wanted

25    to give everyone an opportunity to be here in a timely

1    fashion, and so I think at this point we are ready to have

2    the jurors come out and take their regular seats in the jury

3    box.  You can advise them to bring their personal belongings

4    and their personal notebooks.

5         (The jury entered the courtroom.)

6         THE COURT:  Good afternoon, ladies and gentlemen of

7    the jury.  I received a note after noon today, about 12:15 to

8    12:20.  It appears to read as follows:  Your Honor, we, the

9    jury, have reached a verdict, and, Mr. Channell, it's signed

10   by you.  Was that a correct reading of the note?

11        PRESIDING JUROR CHANNELL:  Yes, it is, your Honor.

12        THE COURT:  And, in fact, has the jury reached a

13   verdict in this matter?

14        PRESIDING JUROR CHANNELL:  Yes, your Honor.

15        THE COURT:  Would you please hand the folder to the

16   bailiff.  Thank you.  This note will be marked as the Court's

17   exhibit next in order.  Thank you.  Will the clerk please

18   read the verdict.

19        THE CLERK:  United States District Court, Southern

20   District of California, United States of America, plaintiffs,

21   versus Basaaly Saeed Moalin, Mohamad Mohamad Mohamud, Issa

22   Doreh, Ahmed Nasir Taalil Mohamud, case number 10-CR-4246 JM,

23   Verdict.

24        Count 1:  We, the jury in the above-entitled cause,

25   unanimously find, 1, the defendant Basaaly Saeed Moalin

1  guilty of conspiracy to provide material support to

2  terrorists as charged in Count 1 of the indictment; 2, the

3  defendant Mohamad Mohamad Mohamud guilty of conspiracy to

4  provide material support to terrorists as count -- as charged

5  in Count 1 of the indictment; 3, the defendant Issa Doreh

6  guilty of conspiracy to provide material support to

7  terrorists as charged in Count 1 of the indictment; 4, the

8  defendant Ahmed Nasir Taalil Mohamud guilty of conspiracy to

9  provide material support to terrorists as charged in Count 1

10  of the indictment.

11          Count 2:  We, the jury in the above-entitled cause,

12  unanimously find, 5, the defendant Basaaly Saeed Moalin

13  guilty of conspiracy to provide material support to a foreign

14  terrorist organization, namely al-Shabaab, as charged in

15  Count 2 of the indictment; 6, the defendant Mohamad Mohamad

16  Mohamud guilty of conspiracy to provide material support to a

17  foreign terrorist organization, namely al-Shabaab, as charged

18  in Count 2 of the indictment; 7, the defendant Issa Doreh

19  guilty of conspiracy to provide material support to a foreign

20  terrorist organization, namely al-Shabaab, as charged in

21  Count 2 of the indictment; 8, the defendant Ahmed Nasir

22  Taalil Mohamud guilty of conspiracy to provide material

23  support to a foreign terrorist organization, namely

24  al-Shabaab, as charged in Count 2 of the indictment.

25          Count 3:  We, the jury in the above-entitled cause,

1    unanimously find, 9, the defendant Basaaly Saeed Moalin

2    guilty of conspiracy to launder monetary instruments as

3    charged in Count 3 of the indictment; 10, the defendant

4    Mohamad Mohamad Mohamud guilty of conspiracy to launder

5    monetary instruments as charged in Count 3 of the indictment;

6    11, the defendant Issa Doreh guilty of conspiracy to launder

7    monetary instruments as charged in Count 3 of the indictment;

8    12, the defendant Ahmed Nasir Taalil Mohamud guilty of

9    conspiracy to launder monetary instruments as charged in

10   Count 3 of the indictment.

11          Count 4:  We, the jury of the -- we, the jury of

12   the above-entitled cause, unanimously find, 13, the defendant

13   Basaaly Saeed Moalin guilty of providing material support to

14   terrorists as charged in Count 4 of the indictment.  15 --

15   excuse me.

16          Count 5:  We, the jury in the above-entitled cause,

17   unanimously find, 15, the defendant Basaaly Saeed Moalin

18   guilty of providing material support to a foreign terrorist

19   organization, namely al-Shabaab, as charged in Count 5 of the

20   indictment; 16, the defendant Basaaly Saeed Moalin -- excuse

21   me -- 17, the defendant Mohamad Mohamad Mohamud guilty of

22   providing material support to a foreign terrorist

23   organization, namely al-Shabaab, as charged in Count 5 of the

24   indictment; 18, the defendant Mohamad Mohamad Mohamud guilty

25   of attempting to provide material support a foreign terrorist

1  organization, namely al-Shabaab, as charged in Count 5 of the

2  indictment; 19, the defendant Issa Doreh guilty of material

3  support to a foreign terrorist organization, namely

4  al-Shabaab, as charged in Count 5 of the indictment.  Dated

5  February 22, 2013, signed by Robert Channell, foreperson of

6  the jury.

7          Ladies and gentlemen of the jury, is this your

8  verdict as presented and read the verdict of each of you, so

9  say you all?  If so, please say yes.

10     (The jurors answered in the affirmative.)

11          THE COURT:  Counsel, do you wish to have the jury

12  polled?

13          MR. DRATEL:  Yes, please, your Honor.

14          THE COURT:  Okay.  What I suggest we do, if it's

15  acceptable to counsel, is to ask for an individual show of

16  hands with respect to each of the specific findings in the

17  verdict form.  As I say, if that's acceptable.  Counsel?

18          MR. DRATEL:  Yes, your Honor.

19          THE COURT:  Ms. Moreno?

20          MS. MORENO:  Yes, your Honor.

21          THE COURT:  Mr. Ghappour?

22          MR. GHAPPOUR:  Yes, your Honor.

23          THE COURT:  And Mr. Durkin?

24          MR. DURKIN:  Yes.

25          THE COURT:  All right.  Very good.  All right.

 1   Ladies and gentlemen, I'm going to poll each of you

 2   individually with respect to each of the verdict findings in

 3   this case.  The verdict of the jury with respect to Count 1

 4   is as follows.  I'll read it.  Defendant Basaaly Saeed Moalin

 5   guilty of conspiracy to provide material support to

 6   terrorists as charged in Count 1 of the indictment.  If that

 7   was your individual verdict, would you please raise your hand

 8   at this time.  If that's your individual verdict, please

 9   raise your hand at this time.  And I see all 12 hands raised.

10   All right.  Thank you.  You may put your hands down.

11         And if there's any disagreement with my

12   observations or findings, counsel, please feel free to

13   register your concern, your disagreement.

14         With respect to Count 2, the jury found defendant

15   Mohamad Mohamad Mohamud guilty of conspiracy to provide

16   material support to terrorists as charged in Count 1 of the

17   indictment.  If that was your individual verdict, ladies and

18   gentlemen, would you please raise your hand at this time.

19   And I see all 12 hands raised.  That verdict is unanimous.

20         The jury -- you, the jury, found that defendant

21   Issa Doreh guilty of conspiracy to provide material support

22   to terrorists as charged in Count 1 of the indictment.  If

23   that was your individual verdict, ladies and gentlemen, would

24   you please raise your hand at this time.  All 12 jurors have

25   raised their hand.  Thank you.

1              With respect to your fourth verdict, still Count 1,

2       the jury found the defendant Ahmed Nasir Taalil Mohamud

3       guilty of conspiracy to provide material support to

4       terrorists as charged in Count 1 of the indictment.  If that

5       is your individual verdict, would you please raise your hand

6       at this time.  Again, all 12 hands of the -- all 12 jurors

7       have indicated their affirmative response to that individual

8       finding.

9              With respect to Count 2, the jury -- you, the jury,

10      found that defendant Basaaly Saeed Moalin guilty of

11      conspiracy to provide material support to a foreign terrorist

12      organization, namely al-Shabaab, as charged in Count 2 of the

13      indictment.  If that is your individual verdict, ladies and

14      gentlemen, would you please raise your hand.  I see all 12

15      hands raised.  Thank you.

16             You, the jury, further found defendant Mohamad

17      Mohamad Mohamud guilty of conspiracy to provide material

18      support to a foreign terrorist organization, namely

19      al-Shabaab, as charged in Count 2 of the indictment.  If that

20      was your individual verdict, ladies and gentlemen, would you

21      please raise your hand at this time.  All jurors have raised

22      their hand.  Thank you.

23             You, the jury, found that defendant Issa Doreh

24      guilty of conspiracy to provide material support to a foreign

25      terrorist organization, namely al-Shabaab, as charged in

1   Count 2 of the indictment.  Ladies and gentlemen, if that was

2   your individual verdict, would you please raise your hand at

3   this time.  All 12 jurors have raised their hand.  Thank you.

4           You, the jury, found that defendant Ahmed Nasir

5   Taalil Mohamud guilty of conspiracy to provide material

6   support to a foreign terrorist organization namely

7   al-Shabaab, as charged in Count 2 of the indictment.  If that

8   was and is your individual verdict, would you please raise

9   your hand at this time.  All jurors have raised their hand.

10  Thank you.

11          Moving to Count 3, the jury found defendant Basaaly

12  Saeed Moalin guilty of conspiracy to launder monetary

13  instruments as charged in Count 3 of the indictment.  If that

14  is your individual -- was and is your individual verdict,

15  would you please raise your hand at this time.  All jurors

16  have raised their hand.  Thank you.

17          You, the jury, found the defendant Mohamad Mohamad

18  Mohamud guilty of conspiracy to launder monetary instruments

19  as charged in Count 3 of the indictment.  If that was and is

20  your individual verdict, would you please raise your hand at

21  this time.  All 12 jurors have raised their hand.  Thank you.

22          You, the jury, found defendant Issa Doreh guilty of

23  conspiracy to launder monetary instruments as charged in

24  Count 3 of the indictment.  If that was your individual

25  verdict and is your individual verdict, would you please

1   raise your hand at this time, ladies and gentlemen.  All 12

2   jurors have again raised their hand.  Thank you.

3           You, the jury, found Ahmed Nasir Taalil Mohamud

4   guilty of conspiracy to launder monetary instruments as

5   charged in Count 3 of the indictment.  If that was and is

6   your individual verdict, ladies and gentlemen, would you

7   please raise your hand at this time.  And all 12 jurors have

8   once again raised their hand.

9           Moving to Count 4, you, the jury, found that

10  defendant Basaaly Saeed Moalin guilty of providing material

11  support to terrorists as charged in Count 4 of the

12  indictment.  If that was your individual verdict and is your

13  individual verdict, ladies and gentlemen, would you please

14  raise your hand at this time.  All 12 jurors have raised

15  their hand to that particular count.

16          Count 14 -- excuse me -- question 14, relating to

17  attempting to provide material support was unanswered by the

18  jury in light of the jury's finding as reflected in paragraph

19  13 or finding 13 that defendant Moalin was guilty of

20  providing material support to terrorists as charged in Count

21  4 of the indictment.

22          Moving to Count 5, you, the jury, found that

23  defendant Basaaly Saeed Moalin guilty of providing material

24  support to a foreign terrorist organization, namely

25  al-Shabaab, as charged in Count 5 of the indictment.  If that

1    was your individual verdict, ladies and gentlemen, would you

2    please raise your hand at this time.  All jurors have once

3    again raised their hands.  Thank you.

4         You made no finding with respect to attempted --

5    attempting to provide material support to a foreign terrorist

6    organization on the part of defendant Moalin, and therefore

7    the 16th question or verdict was unanswered as per the

8    instructions.

9         You further found with respect to Count 5 defendant

10   Mohamad Mohamad Mohamud guilty of providing material support

11   to a foreign terrorist organization, namely al-Shabaab, as

12   charged in Count 5 of the indictment.  If that was and is

13   your individual verdict, would you please raise your hand at

14   this time.  And all jurors have once again raised their hand.

15   Thank you.

16        There is a typographic error I see.  The

17   instruction after the 17th question indicated if you find

18   defendant Mohamad Mohamad Mohamud guilty of this charge

19   relating to paragraph or finding 17, the instruction says you

20   do not need to answer question 17 regarding attempt.

21   Obviously that related to question 18 regarding attempt.  The

22   instruction further indicated you should proceed to question

23   19 if you answered question 17 guilty.  But you, in any

24   event, went ahead and answered question 18 and you found

25   defendant -- you as the jury found defendant Mohamad Mohamad

1   Mohamud guilty of attempting to provide material support to a

2   foreign terrorist organization, namely al-Shabaab, in Count 5

3   of the indictment.  If that was your individual finding, your

4   individual verdict, would you please -- some of you are

5   looking around.  Let me have the original verdict form,

6   please.

7           You answered question 18, although technically you

8   did not have to answer that question.  So let me once again

9   indicate that the finding of the jury -- the jury found

10  Mohamad Mohamad Mohamud guilty of attempting to provide

11  material support to a foreign terrorist organization, namely

12  al-Shabaab, as charged in Count 5 of the indictment.  If that

13  was your individual verdict as well, would you please raise

14  your hand at this time.

15          JUROR FRENI:  I think you missed one.

16          THE COURT:  Well, all right.  Let's move on, let's

17  move on then to question 19, which is the last question on

18  the verdict form that you actually did answer.  The jury

19  found the defendant Issa Doreh guilty of providing material

20  support to a foreign terrorist organization, namely

21  al-Shabaab, as charged in Count 5 of the indictment.  If that

22  was your individual finding, would you please raise your hand

23  at this time, ladies and gentlemen.  And each and every juror

24  has raised his or her hand.  Okay.

25          And then question 20 did not need to be answered;

1    that related to attempting to provide material support, which

2    was not necessary to be answered in light of your finding in

3    question 19.

4              So it seems that -- may I have the verdict form

5    once again.  It seems that the question 18 either was

6    answered or was inadvertently answered.  What I'm going to do

7    is have each of the jurors return to the jury deliberation

8    room at this time and -- I want to discuss this matter with

9    counsel -- and we'll have you come back out.  I'll ask our

10   three alternate jurors to leave the courtroom for the time

11   being if you would.  Just take a short recess and we will

12   call you back in shortly.  Thank you.

13             May I see counsel -- may I see counsel at the side

14   of the bench here.  Thank you.

15         (Following is a sidebar conference.)

16             THE COURT:  I have the original verdict form here,

17   counsel, and as you can see with respect to Count 5, they

18   reached a finding of guilt for defendant Mohamud in paragraph

19   17, and they also answered paragraph 18, attempt to provide

20   material support.  Some of the jurors were a little unsure as

21   to whether they had either addressed that particular count or

22   whether they needed to.

23             I would suggest that we bring the jury back in and

24   actually ask them to provide an explanation for why they --

25   well, if in fact they intended to answer question 18, and if

```
 1    they did not intend to answer question 18, why the word
 2    "guilty" was circled with respect to 18.  The other thing is
 3    we can just -- we can just deem that the jury did not make
 4    any finding with respect to 18.  But I'd be happy to hear
 5    whatever thoughts you may have.  Mr. Dratel?
 6              MR. DRATEL:  I think it's Ms. Moreno's client,
 7    so --
 8              THE COURT:  Okay.  Any thoughts, Ms. Moreno?
 9              MS. MORENO:  No, I'd like to hear -- I'd like to
10    hear the explanation.  I mean I think that the instructions
11    are pretty explicit that if they found guilt on paragraph 17,
12    they did not need to answer --
13              THE COURT:  Question 18.
14              MS. MORENO:  But, you know, what it says -- it's a
15    typo.
16              THE COURT:  Yeah, I saw that.  I noted that for the
17    record.  The first reference to paragraph 18 is a typo.
18    There's a reference to paragraph 17.  If you find defendant
19    Mohamud guilty of this charge, you did not need to answer 17.
20    Well, they've answered 17.  It should have been 18.  And in
21    the second part of the instruction it's clarified, that if
22    they did not find defendant Mohamud guilty in providing
23    material support, you must proceed to answer question 18.  So
24    they seemed to either inadvertently answer question 18 or
25    they had some --
```

1          MR. DRATEL:  Or they just proceeded without

2   following instructions.

3          THE COURT:  Just didn't follow the instructions.

4          MS. MORENO:  I wouldn't be averse to the Court

5   asking -- you know, making a further inquiry with respect to

6   that.  I'm not so sure I could agree with it just being

7   stricken if that was another alternative because they made a

8   finding.

9          THE COURT:  It was clear their reaction --

10         MS. MORENO:  I agree -- I agree with the Court.

11  I'm sure it's an inadvertent situation, and -- what is the

12  Court's pleasure on this one?

13         THE COURT:  I think what I'll do is I'll have them

14  come in and take their seats in the jury box, advise that

15  question 18 did not have to be responded to in light of their

16  verdict on question 17, ask them to place whatever

17  explanation they might have in a note, and then have the note

18  delivered and then just have that note made a part of the

19  record at this point.  I wouldn't send them back for further

20  deliberations at this point.

21         MS. MORENO:  I would agree, your Honor.

22         THE COURT:  But if they're given the chance to

23  clarify, then perhaps they can take advantage of that.

24         MS. MORENO:  I concur.

25         THE COURT:  Okay.  Thank you.

1           (Sidebar conference concludes.)

2           THE COURT:  May we please have the jurors brought

3    back into the jury box and have our three alternates brought

4    back in as well.  Thank you.

5           (The jury and alternate jurors entered the courtroom.)

6           THE COURT:  All right.  Let the record reflect that

7    all jurors are present, including our three alternate jurors.

8    Ladies and gentlemen of the jury, I did have an opportunity

9    here to confer with counsel for a bit in your absence, and I

10   think it's clear to everyone that it was not necessary for

11   you to answer question number 18 in light of your answer,

12   your finding of guilt with respect to defendant Mohamud as to

13   Count 5 and as reflected in your 17th finding; but for some

14   reason you proceeded to the 18th question dealing with the

15   issue of attempting to provide material support to a foreign

16   terrorist organization as charged in Count 5 for defendant

17   Mohamud; you did not need to do that.

18           What we'd like to do is give you an opportunity to

19   let us know what your thinking was, whether you were

20   intending to make a finding on that particular question, that

21   is, attempted provision of material support to al-Shabaab as

22   charged in Count 5 with respect to defendant Mohamud, or

23   whether you just inadvertently circled that particular word

24   "guilty."  And what I'd like to do is not have you here --

25   respond here in court, in open court, I'd like you to retire

1   once again -- not for further deliberations but just for the

2   purpose of giving you an opportunity to set forth in a note

3   the reason why that particular paragraph, paragraph 18, was

4   answered.  And then you can come out with the note, we'll

5   make that note part of the record, and I think that will more

6   or less wrap up this particular phase of the proceedings.

7           All right.  Mr. Channell, you're the presiding

8   juror.  Does that sound appropriate for you?

9           PRESIDING JUROR CHANNELL:  Yes, your Honor.

10          THE COURT:  Okay.  Then what I would ask you to do

11  is the 12 of you to return to the jury deliberation room,

12  write out a note just as you did initially advising us that

13  you had reached a verdict.  And then when you're ready, we'll

14  bring all 12 of you back into the courtroom along with that

15  note, okay?  Thank you.

16      (The jury left the courtroom.)

17          THE COURT:  This may take a few minutes, so

18  Ms. Clark, Mr. Brenzel, Mr. Adams, I'll invite you all to

19  just take a recess, a short recess outside; you can relax out

20  there.  We'll call you back into the courtroom just as soon

21  as we're ready to proceed.  Thank you.

22      (There was a break in the proceedings.)

23          THE COURT:  All right.  Let the record reflect all

24  jurors, counsel, and the parties are present once again.

25  Okay.  And thank you, Mr. Channell, for returning this note.

1    I've received another note from the jury; it reads as

2    follows:  Your Honor, we inadvertently marked 18.  Signed

3    Jury Foreperson Robert Channell.  Mr. Channell, is that a

4    correct reading of the note?

5               PRESIDING JUROR CHANNELL:  Yes, your Honor.

6               THE COURT:  All right.  We'll have that note marked

7    as the Court's exhibit next in order.  It appears to be a

8    unanimous verdict; I believe all parties are in agreement

9    with respect to that.  I'll ask the courtroom deputy to

10   record the verdict.  All right.

11              Ladies and gentlemen of the jury, I want to take

12   just a few minutes and have a couple of closing remarks I'd

13   like to make.  First of all, on behalf of the entire bench

14   here, all of the district judges for the Southern District of

15   California, I want to thank you for your time and your

16   service.  This is has been an important and a challenging

17   case, and you have given it the attention it deserves.

18              It would never be appropriate for the Court to

19   criticize or commend a jury for a particular verdict it

20   reached, but what I can do is compliment you on the manner in

21   which you approached this case and the time and attention

22   that you gave it.  Once again, thank you.

23              I know it may have been apparent to some of you,

24   but I want to reiterate something I mentioned to the

25   attorneys outside your presence, and that is essentially the

1    following.  The attorneys, in my view, in this case were

2    quintessentially cooperative and professional.  As you know,

3    there was a -- this was a case that required a great deal of

4    coordination and cooperation in terms of the preparation of

5    exhibits and getting this case ready for trial.  A trial, it

6    is often said, is the tip of the iceberg, 10 percent of the

7    case that ultimately a jury or a trier of fact will see.  But

8    an awful lot went into this case and this trial over a long

9    period of time.  And I thanked counsel outside your presence

10   for their courtesy, their professionalism, their civility and

11   I do that once again and in your presence.

12           Throughout the entire course of the trial, I have

13   repeatedly said that you may not discuss this case with

14   anyone, and now that this trial is over for your purposes, of

15   course you may discuss this case with whomever you wish, but

16   I do have a couple of words of wisdom for you in that regard.

17   First of all, I am not in any way restraining you from

18   speaking to anyone, meeting with anyone, or, for that matter,

19   making any statement you wish to make about the case.  We do

20   not disclose public information concerning your contacts or

21   how to contact you or anything of that nature, but if you are

22   contacted by anyone who wishes to discuss the case with you,

23   I want you to know, first of all, it is your choice, it is

24   your decision as to whether you will discuss the case.  It is

25   absolutely your decision.  If you decide not to discuss the

1    case, if someone were to ask you to discuss the case or for

2    your views on the case, then it would be your right to

3    indicate to that person that you do not wish to discuss the

4    case.  If the person were to persist in efforts to discuss

5    the case with you and you were concerned about it, then you

6    would be able to bring that concern to the attention of the

7    presiding judge, the judge who presided over that case.

8              I'm not suggesting in any way that any of these

9    fine attorneys or any of their representatives would in any

10   way induce, coerce, or entice you to discuss the case if it

11   were your stated decision not to discuss the case, but you

12   should know what your rights are, not just in this case but

13   for any other case you may sit on in the future.

14             Furthermore, if you do decide to discuss the case,

15   in my view -- this is not any kind of a formal or legal

16   limitation upon you -- but in my view, you should not make

17   any statement that you would not be willing to make in the

18   form of the declaration signed under penalty of perjury, nor

19   should you make any statement that you would not be willing

20   to make in the presence of all of your fellow jurors.  So I

21   think that's all I need to say on that particular score.

22             I did want to pay special thanks to our three

23   alternate jurors, Ms. Clark, Mr. Brenzel, and Mr. Adams.  You

24   know, some trials will require the service, the

25   deliberations, of all of our alternate jurors, and then other

1   trials, as they say, not so much, and this is one of those

2   cases where it just became unnecessary for any of you to step

3   into the breach.  But it was clear to me during the entire

4   course of the trial that all of you were very, very

5   conscientious, taking notes, as attentive as all of the other

6   jurors in the case, and I thank you for your service as

7   alternate jurors in this case.  And I wanted the three of you

8   to be here, and I'm glad that you made the decision to remain

9   in the jury lounge during the course of the trial.  Thank

10  you.  Thank you.

11          I know there's been a question by one or more of

12  you if you could take your own individual notebooks, not the

13  exhibit or transcript notebooks but your spiral notebooks

14  with you in which you took notes, and if you wish to do that,

15  you may do that.  They're your notes, and you can take them.

16  If you leave those notebooks behind, then all of your notes

17  will be pulled and those notes will be destroyed.

18          So that's pretty much all I wanted to cover at this

19  point.  You're going to be escorted at this point back to the

20  jury lounge.  Do any of you have any questions concerning any

21  of these matters that I've been discussing here at the end?

22  If so, raise your hand, please.  Let us know of any question

23  or concern you may have.  Okay.  Apparently not.  Again,

24  thank you, ladies and gentlemen, for your time and service,

25  and you will be escorted at this time.

 1          (The discharged jury left the courtroom.)

 2          THE COURT:  All right.  We're outside the presence

 3   of all jurors.  Counsel, we'll set an initial sentencing date

 4   in this case for each of the defendants.  The date will be

 5   Friday, May 17 -- well, actually that's not such a good day;

 6   I don't think it should be set for a Friday.  What we'll do

 7   is we'll set them for Thursday, May 16 -- Thursday, May 16 --

 8   at 9 a.m.  And a presentence report is ordered for each

 9   defendant.  Thank you, counsel.

10          MR. DRATEL:  Your Honor, just -- I understand it's

11   the practice in this district with respect to Rule 33s and

12   another post-trial motions that the seven-day period extends

13   until sentencing date?

14          THE COURT:  Yes.

15          MR. DRATEL:  Okay.  Thank you, your Honor.

16          THE COURT:  You all have that extension to notice

17   any motions, any post-trial motions you may have until the

18   date of sentencing.  I don't know if the matter will go

19   forward as a sentencing on the first time it's set for

20   sentencing; we'll see.  I don't mean to in any way indicate

21   what might be any rulings on post-trial motions by making

22   that observation, but at least we have an initial date.

23          MR. DRATEL:  Thank you, your Honor.

24          THE COURT:  All right.  Thank you, counsel.

25        (The proceedings were concluded.)

<u>Certificate of Reporter</u>

I hereby certify that I am a duly appointed, qualified, and acting Official Court Reporter for the United States District Court; that the foregoing is a true and correct transcript of the proceedings had in the mentioned cause on the date or dates listed on the title page of the transcript; and that the format used herein complies with the rules and requirements of the United States Judicial Conference.

Dated January 24, 2014 at San Diego, California.

/s/ Debra M. Henson   (electronic)
Debra M. Henson
Official Court Reporter