```
 1                    United States District Court

 2                   Southern District of California

 3

 4   UNITED STATES OF AMERICA,      )
                                    )
 5                  Plaintiff,      )
                                    )
 6        vs.                       ) Case No. 10-CR-4246 JM
                                    )
 7   BASAALY SAEED MOALIN,          ) Monday, September 10, 2012
     MOHAMAD MOHAMAD MOHAMUD,       ) Status Hearing
 8   ISSA DOREH,                    )
     AHMED NASIR TAALIL MOHAMUD,    )
 9                                  )
                    Defendants.     )
10   _____)

11
                 Before the Honorable Jeffrey T. Miller
12                     United States District Judge

13


14   Appearances

15   For the Government:      Laura E. Duffy
                              UNITED STATES ATTORNEY
16                            William P. Cole
                              Caroline P. Han
17                            ASSISTANT U.S. ATTORNEYS
                              880 Front Street, Suite 6293
18                            San Diego, CA  92101

19   For the Defendants:      Thomas A. Durkin, Esq.
                              Janis D. Roberts, Esq.
20                            DURKIN & ROBERTS
                              2446 N. Clark Street
21                            Chicago, IL  60614

22   Official Court Reporter: Debra M. Henson, CSR, RPR
                              United States Courthouse - Annex
23                            333 W. Broadway, Suite 420
                              San Diego, CA  92101
24                            (619) 238-4538
                              courtreporterusdc@sbcglobal.net
25
                 Record produced by stenographic reporter
```

```
 1            San Diego, California - Monday, September 10, 2012
 2            (The defendants' presence was waived.)
 3            THE CLERK:  Calling matter 2 on calendar,
 4    10-CR-4246, USA versus Basaaly Saeed Moalin, Mohamad Mohamad
 5    Mohamud, Issa Doreh, Ahmed Nasir Taalil Mohamud, set for
 6    status hearing.
 7            MR. COLE:  Good morning, your Honor.  William Cole
 8    and Caroline Han for the United States.
 9            THE COURT:  Thank you.
10            MR. DURKIN:  Good morning, Judge.  Tom Durkin on
11    behalf of all four defendants and standing in for the three
12    other counsel.
13            THE COURT:  Thank you.
14            MR. DURKIN:  I'd also like to introduce you to my
15    wife and law partner, Janis Roberts --
16            THE COURT:  Welcome.  Welcome.
17            MR. DURKIN:  -- who has not filed an appearance,
18    but we'll be filing a pro hac vice petition.
19            THE COURT:  Okay.  Very good.  Okay.  This is set
20    for status today.  And I know you've been working with Judge
21    Gallo, and I'm glad you have been.  I've been in touch with
22    him obviously, and we've been coordinating I think it's fair
23    to say.  I'm advised of the order that he issued a few days
24    ago, September 6, and it appears that things are moving
25    forward with depositions in Djibouti.
```

1              So from a status perspective, would the parties
2    like to -- like to proceed?  If there's anything you need to
3    report or you feel would be appropriate to report, I'd be
4    glad to hear it.  I know that at the end of the last hearing,
5    it was noted on the record that today's status conference
6    would be set, and -- I believe that's what we did -- and that
7    Mr. Durkin would be here in essence representing the defense
8    community so that not everyone would need to be here again,
9    and the appearance of the defendants was waived with respect
10   to each of them; this is a scheduling matter/status only, and
11   nothing particularly substantive is envisioned to proceed.
12   So, Mr. Cole, did you want to proceed first, or Ms. Han?
13              MR. COLE:  Yes.  I think the main thing we wanted
14   to do was propose new dates for the case since the deposition
15   issue is, you know, sort of off track in our earlier-set
16   dates.  What we proposed to the defense are the following:
17   Motions in limine being heard on January 10 -- of course we
18   haven't cleared these with your Honor, but this is what the
19   parties have come up with -- January 10 for motions in limine
20   being heard, and then trial being January 28.  I know Mr.
21   Durkin has one problem I think he wants to talk to you about
22   with respect to trial date, but that's what we propose.
23              And we also envision, based on the Court's last
24   order striking the motion filed by Mr. Doreh and asking that
25   there's a clearer motion hearing date, that there will

1  probably need to be substantive or non in limine motion
2  hearing date earlier than January, probably sometime in
3  November.  But counsel, in consulting with Mr. Durkin this
4  morning about a other motion hearing date, so to speak, he
5  agrees we're going to need one but would like to us to be
6  able to call the court clerk and just clear one once we can
7  get all four defense counsel on the same page, for the travel
8  schedule.
9              THE COURT:  Thank you.  Mr. Durkin, before I hear
10 from you, I'm questioning whether it's the smartest thing to
11 do at this point to set new dates without knowing exactly
12 what's happening in -- with these depositions in Djibouti.  I
13 know that you're going to be contacting Judge Gallo again and
14 information will be provided to Judge Gallo concerning the
15 location where the voluntary deponents will be deposed,
16 providing to Judge Gallo information relating to security and
17 information relating to logistics, including the availability
18 of the court reporter and videographer.  What we don't know
19 right now is how long this process will take.  Let's assume
20 the depositions go forward and -- is it October, November
21 that you're contemplating at this point?
22             MR. COLE:  Right now the date that Judge Gallo's
23 contemplating is I believe October 28 or 29, that week.  And
24 I will say that -- that we have the Court's order, and we are
25 acting in all diligence.  We are -- we caused a firestorm.

1  There is a whole headwind that we are now in the midst of to
2  make this actually happen.
3              THE COURT:  With the State Department?
4              MR. COLE:  Yes, and with the -- and even with the
5  FBI.  And so we are addressing that full force, and we are
6  doing all we can to keep this on track for that time period.
7  I suppose, your Honor, our biggest interest -- but we agree,
8  there is some uncertainty about timing of all this, and our
9  biggest interest was making sure that we -- I guess you could
10 say getting these other dates vacated.  What future date you
11 set, I understand maybe it's not all the dates in the case,
12 but we wanted to get these current dates vacated because
13 currently we're under a trial.
14             THE COURT:  And that's -- I understand that's
15 probably job number 1 is getting --
16             MR. COLE:  Right.
17             THE COURT:  -- the current dates vacated and that
18 would give everyone a little comfort, I'm sure.  And of
19 course it would also free up some time for the Court for
20 other matters.  But we're dealing with some uncertainty here.
21 We're dealing with whether these depositions are actually
22 going to go forward based on the logistical information that
23 will be received and then provided to Judge Gallo.  We're
24 also looking at logistics on the other end as well, how long
25 it takes to get these things translated, transcripts agreed

1  upon, the videographer -- I assume you won't be taking a
2  videographer with you, you'll probably be utilizing the
3  service of someone abroad -- how well -- how expeditiously
4  that will proceed.  So there are questions.  And one thing I
5  want to do is make sure that whatever dates are set in the
6  future for trial, motions in limine, and any others, are
7  realistic dates and that everyone is operating with the
8  understanding that these dates will go forward, these events
9  will go forward as calendared.  Mr. Durkin?
10         MR. DURKIN:  Well, Judge, I don't disagree with
11 your concern.  There are some other issues though that -- let
12 me explain and make sure --
13         THE COURT:  Sure.
14         MR. DURKIN:  -- and maybe you'll understand why we
15 see some wisdom in setting it in January.  Mr. Dratel and I
16 are currently scheduled for a 21-defendant case in the
17 Southern District of New York on February 11.  We don't
18 believe that date is realistic because the government just
19 filed a superseding indictment I want to say in August adding
20 ten new defendants.
21         While that date hasn't been moved, most all the
22 lawyers in that -- and we're doing pretrial motions that are
23 due this week, for example, so we've been having all these --
24 we've had these huge conference calls, and nobody in the case
25 really thinks that that's a realistic date, but it's still

1  set for then.  Our concern is if that gets reset, that case
2  could take two to three months, and we would certainly much
3  prefer to try this case before that case.
4          THE COURT:  All right.
5          MR. DURKIN:  In fact, we were going to ask -- to
6  tell you that we wouldn't oppose you ordering us to trial on
7  January 28 or contacting the judge on our behalf.  It's Judge
8  Victor Marrero in the Southern District, and I think that he
9  would be understanding that -- knowing the circumstances
10 here.
11         The other problem that I think we all share is
12 that -- and we discussed this with Magistrate Gallo -- dates
13 seem to move -- I think dates seem to help Mr. Cole and Ms.
14 Han in their --
15         THE COURT:  In their efforts vis-a-vis --
16         MR. DURKIN:  -- pushing into --
17         THE COURT:  -- State?  That's a good point, good
18 point.
19         MR. DURKIN:  Just as a third point, I can assure
20 you that I will make every effort to try this case at the end
21 of January, coming from Chicago.
22         THE COURT:  Well, sure.
23         MR. DURKIN:  There will be no opposition from me.
24 You can keep me here for a couple of months if you want.
25         THE COURT:  Although last January I thought I saw

1 people jogging along the banks of Lake Michigan in January --
2 　　　　　MR. DURKIN:  That's true.  You never know.
3 　　　　　THE COURT:  -- or March or something like that.
4 　　　　　MR. DURKIN:  So I guess in that sense -- I mean,
5 again, we defer to you, but I think it would -- let's put it
6 this way:  I think it would be helpful to have that date.
7 And I agree with you that, you know, I'd be reluctant to want
8 to have to change it, but in the same breath, we could run
9 into more problems.  But my biggest fear is if we get held to
10 trial in New York, that will unnecessarily delay this case,
11 and it shouldn't.
12 　　　　　THE COURT:  Are defendants in custody in that case?
13 　　　　　MR. DURKIN:  No, they're all --
14 　　　　　THE COURT:  They're out of custody, which makes it
15 easier --
16 　　　　　MR. DURKIN:  -- out.  And that's why --
17 　　　　　THE COURT:  -- obviously.
18 　　　　　MR. DURKIN:  -- if you were to order us to trial or
19 even tell the judge, that would not be a problem.
20 　　　　　THE COURT:  All right. What's the estimated length
21 of trial?  And I'm not asking for any kind of a precise
22 estimate here, but what are we talking about?
23 　　　　　MR. COLE:  I think we've always felt our
24 case-in-chief would be done -- not counting jury selection
25 but once the jury's seated and we're started, we think that a

1  solid week to two weeks would be -- I think it's shorter than
2  two weeks, your Honor, for the case-in-chief; I think it
3  would be a solid week of trial time, and we would be done
4  with our case-in-chief.
5              THE COURT:  Okay.  And I know you're not speaking
6  -- you can't speak for everyone, Mr. Durkin.
7              MR. DURKIN:  I think when we were asked this
8  before, I think we said one week.
9              THE COURT:  About two weeks all together?  About
10 two weeks all together?
11             MR. DURKIN:  One week for our case.
12             THE COURT:  Yeah, one week plus a week --
13             MR. DURKIN:  I think we're talking two to three
14 weeks.
15             THE COURT:  Okay.  All right.  And one more
16 administrative matter I think should be placed on the record
17 here.  It should be underscored that at the last hearing
18 where basically I denied the motion for Rule 15 depositions,
19 if anyone were to look at a transcript of that, although I
20 have not myself, but I think it would be clear that the
21 motion was denied without prejudice.  There were suggestions
22 in the order that went out that if certain arrangements could
23 be made, stipulations could be reached, or the application
24 reconfigured, that the Court would consider it.  But I think
25 it was absolutely clear from my request for everyone to see

1  Judge Gallo once again, that that was done for the purpose of
2  seeing what could be worked out.  And I'm absolutely
3  delighted that progress has been made, that the parties are
4  working together, and it looks like -- well, I'm sure there
5  will be challenges ahead, both with our own government, the
6  State Department, and perhaps with logistics to be ultimately
7  encountered down the road, but I'm -- I'm grateful for the
8  spirit in which everyone is working and working with Judge
9  Gallo.
10            So it's pretty clear that this matter is properly
11  before me, that what's happening before Judge Gallo, which
12  would include the order for witness deposition to occur in
13  Djibouti, is done certainly with the sanction of this Court,
14  and so we'll proceed with that understanding; even though
15  there was no formal reapplication for Rule 15 depositions, I
16  think the matter is still properly before the Court.
17            I will vacate your pending dates, and those would
18  be the dates of September 13, 2012 for status, October 5,
19  2012 for motions in limine, and October 15, 2012 for jury
20  trial.
21            I will accept the joint request of the two sides
22  here for these dates that you've given me to be set for
23  motions in limine and trial.  So at this point we will set
24  January 10 of 2013 for motions in limine -- that's actually a
25  Thursday -- and that will be at 9 a.m.  The only difficulty I

1   see with setting that date for motions in limine is you're
2   going to be pretty darn busy over the holidays preparing your
3   motions and your opposition, so everybody should go into that
4   with eyes wide open, understanding that, you know, you may
5   have some substantial work commitments at about that point in
6   time that might conflict with holiday activity.  I'm happy to
7   set those dates, but keep in mind that I really do want all
8   of the briefing to be completed by -- or in such a way that
9   when I get back here on January 2, I've got everything before
10  me, all the motions and the opposition to motions or
11  statements of nonopposition if in fact some motions are not
12  going to be opposed.
13           MR. COLE:  Your Honor, in that regard I think in
14  the past we've had a -- I can't remember if the local rule
15  still requires filing 14 days before, but I think we usually
16  filed 21 days before in this particular case.  And I think
17  that if the parties file their motions 21 days before the
18  hearing, that would be helpful particularly because of the
19  holidays.  In other words, we would have -- we could see
20  everyone's motions before the holidays, they'd arrive before
21  the holidays, and then we'd just be responding seven days
22  before the hearing.  On the 3rd, you'd get your -- unless
23  you'd want them on the 10th; we could have them on the 10th
24  rather than the 3rd -- the 3rd would be seven days before the
25  hearing.

1            THE COURT:  Well, this is what I'll provide for,
2   and I think it will probably work.  Any motion in limine must
3   be filed and served no later than Thursday, December 20.  Any
4   opposition to a motion in limine or statement of
5   nonopposition by Thursday, the 27th.  And should there be any
6   reply -- and believe me, I am not soliciting any reply -- but
7   should there be any reply, it must be filed and served no
8   later than Thursday, January 3rd.  So that gives you
9   basically a three-week -- well, it gives you your three
10  dates for motions, opposition, and reply.  Then the 10th will
11  be the date for hearing motions in limine.  And Monday, the
12  28th, at 9 a.m. for trial.
13           Now, with respect to a separate pretrial date, that
14  can be arranged with counsel, and we can do this
15  telephonically.  And I would think that we'll probably end up
16  having another pretrial date sometime in December, early
17  December let's say.  The motion for bill of particulars filed
18  by defendant Doreh can certainly be set for that date, which
19  is to be set probably following the depos going forward in
20  Djibouti, and then we can set that date telephonically, a
21  status date -- this is what I'm envisioning -- status, either
22  telephonic or otherwise, after this process is completed.  At
23  that status hearing we'll set a final date for pretrial
24  motions.  That date is not calendared as of now, but your
25  other dates are calendared for motions in limine and trial.

1               MR. DURKIN:  That's great.
2               THE COURT:  Clear?
3               MR. DURKIN:  Very good.
4               THE COURT:  Okay.  Was there anything else we
5     needed -- we need to address by way of scheduling?
6               MR. DURKIN:  The only thing is would you like us to
7     send you a letter regarding this New York case or can we just
8     tell that judge that we're on trial here?
9               THE COURT:  Yeah, you can -- sure, you can advise
10    him of the trial dates and --
11              MR. DURKIN:  All right.
12              THE COURT:  -- and, really, the need to go forward
13    because, as we know, these defendants have been in custody
14    now for quite some period of time, and as you can tell, I've
15    got some real concern about pressing forward.
16              MR. DURKIN:  That's fine.  We can --
17              THE COURT:  So you can advise him and he can call
18    me or I can call him if ever we have -- we have a scheduling
19    issue that needs to be addressed.  I've done that before in
20    other cases, and so I'm not at all reluctant to do that.
21              MR. DURKIN:  Thank you.
22              THE COURT:  Okay.  Thank you.  Anything else?
23              MR. COLE:  Don't think so.
24              THE COURT:  Okay.  I'm sure -- well, we've gotten
25    the word to Mr. Ghappour that his matter's off calendar

```
 1   subject to being renoticed at a later point when we're doing
 2   further pretrial motions.
 3             MR. DURKIN:  He's aware of that.
 4             THE COURT:  Okay.  So good luck to you all.  I know
 5   you've got a settlement conference -- not settlement --
 6   another conference with -- telephonic conference coming up
 7   with Judge Gallo on September 13; is that correct?
 8             MR. COLE:  Yes.
 9             MR. DURKIN:  Yes.
10             THE COURT:  At 7 a.m.?
11             MR. COLE:  He's an early riser, your Honor.
12             THE COURT:  Well, it's late for him.  He's probably
13   been up since 3:30, you know, starting his daily regimen.
14             MR. DURKIN:  We'll send you a postcard from
15   Djibouti.
16             THE COURT:  Well, I'm glad --
17             MR. COLE:  I just hope I'm there --
18             THE COURT:  Pardon me?
19             MR. COLE:  I know he'll be, but I'm hoping I'm
20   going to be there too.
21             THE COURT:  Yeah.  I'm glad Judge Gallo is
22   intending on going.  Will you be taking your wife, Mr.
23   Durkin?
24             MR. DURKIN:  If you order her.  That's the only
25   way --
```

```
 1            THE COURT:  Only San Diego.  She comes west, but
 2   she doesn't go south or --
 3            MR. DURKIN:  She was born in San Diego I might add.
 4            THE COURT:  Well, you know, the weather is -- this
 5   is very strange weather.  I know you've probably heard of
 6   this, but, you know, to -- I mean I couldn't believe it was
 7   raining yesterday.  I know Back East this isn't a
 8   particularly uncommon occurrence, but for out here it really
 9   is.  Doesn't look like it's going to get any better either.
10   I don't know how long you're going to be out here --
11            MR. DURKIN:  We're going back tonight.
12            THE COURT:  Are you?  Okay.  Well, safe travels.
13   And good luck with Judge Gallo working out the last --
14            MR. DURKIN:  Judge, on that motion pro hac vice, I
15   don't have to notice that, do I?  Can I just file that for
16   Ms. Roberts?  I know there's some -- I think we have to pay a
17   fee, and there's -- I have to get the --
18            THE COURT:  There's just a -- there's a form you
19   fill out for pro hac vice.  And just fill out the form and it
20   will come to me, and I'll sign off on it.
21            MR. DURKIN:  Okay.  Thank you.
22            THE COURT:  Okay.  Ms. Roberts, nice to see you.
23        (The proceedings were concluded.)
24
25
```


<u>Certificate of Reporter</u>

I hereby certify that I am a duly appointed, qualified, and acting Official Court Reporter for the United States District Court; that the foregoing is a true and correct transcript of the proceedings had in the mentioned cause on the date or dates listed on the title page of the transcript; and that the format used herein complies with the rules and requirements of the United States Judicial Conference.

Dated February 25, 2014 at San Diego, California.

```
                    /s/ Debra M. Henson   (electronic)
                    Debra M. Henson
                    Official Court Reporter
```